18531

RYDER TRUCK LINES, INC., Respondent, v. The SOUTH
CAROLINA TAX COMMISSION, Appellant

(149 S. E. (2d) 435)

*Messrs. Daniel R. McLeod, Attorney General,* and *James B. Ellisor* and *Joseph C. Coleman, Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Geer, Walters & Demo,* of Greenville, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James B. Ellisor,* and *Joseph C. Coleman, Assistant Attorneys General,* of Columbia, *for Appellant,* in Reply.

July 8, 1966.

BRAILSFORD, Justice.

This is an action to recover additional income tax assessed by the South Carolina Tax Commission and paid by plaintiff, Ryder Truck Lines, Inc., under protest. The circuit court found for plaintiff and the commission has appealed.

The plaintiff, a Florida corporation, is a motor carrier of freight in interstate commerce. It operates through South Carolina over five routes authorized by the Interstate Commerce Commission. It was not authorized to haul intrastate freight.

The sole question involved on this appeal is whether the commission was justified in calculating plaintiff's net income for the years in question on the basis fixed by Section 65-256, Code of 1962. This section applies to certain public service corporations, designated and described therein as "every corporation engaged in the business of operating a steam or electric railroad, navigation company, waterworks company, light or gas company, power company, express service, telephone or telegraph business, sleeping car company or other form of public service." This statute was first adopted in 1927. 35 Stat. 1. It has been twice amended, in

1930 and in 1943, and has been reenacted in the Codes of 1932, 1942, 1952 and 1962. Throughout its long history, the statute has been construed by the commission to apply to common carriers of passengers or freight by motor vehicle. All such carriers have been required to calculate their taxable net incomes thereunder, instead of on the more favorable terms allowed corporations generally by Section 65-222. This construction of Section 65-256 is now challenged for the first time in this court.

As a common carrier of freight, plaintiff is obligated ██ to furnish its services to the public indifferently, which is to say, quoting in part from the statute, that it is a "corporation engaged in the business * * * of public service * * *." Clearly then, plaintiff and its likes are encompassed by the literal terminology of the statute. However, general words in a statute must be construed in context, and, under the doctrine *ejusdem generis,* the meaning of such words may be restricted by words of specification which precede them. *Cooper River Bridge v. South Carolina Tax Commission,* 182 S. C. 72, 188 S. E. 508; 82 C. J. S., Statutes, § 332; 50 Am. Jur., Statutes, Sections 249, 250. Plaintiff contends, and the circuit court held, that when the statute involved here is construed in the light of this doctrine, motor freight carriers are not within its scope.

*Cooper River Bridge, Inc. v. South Carolina Tax Commission, supra,* was an action by the corporation to recover additional taxes assessed against it as a public service corporation within the meaning of the same statute involved in the present action. We quote from the circuit decree which was adopted as the opinion of this court.

"* * * The Tax Commission admits that the Cooper River Bridge, Inc., is not one of the corporations enumerated in the statute, but contends that the words 'other form of public service' is broad enough to include the Cooper River Bridge as a public utility or public service corporation.

"It seems to me that the doctrine of *ejusdem generis* is directly applicable to the question before me, and I am con-

strained to hold that the words 'other form of public service' must be construed to relate to and embrace only such corporations as are of a similar nature or perform services of a similar kind to the companies expressly enumerated in the statute. * * *" 188 S. E. 510.

It was held that the bridge corporation was not engaged in a public service business similar to any of the businesses specifically enumerated in the statute, and, therefore, was not affected by it.

The converse of the situation presented by Cooper River Bridge, Inc., appears here. Like plaintiff, all of the specifically listed businesses are engaged in public service as transporting or transmitting corporations, and, thus classified, are subject to the jurisdiction of The Public Service Commission. Section 58-51, Code of 1962. Thus classified, the plaintiff and other "transportation and transmission companies" are required to bear the expenses of the operation of the commission by which they are regulated. Section 58-60, Code of 1962. Motor carriers and carriers by rail are primary competitors in the field of common carriage of freight, in which field they perform similar services for the public. As has been seen, motor carriers are embraced by the statutory language, and, for the reasons stated, the rule *ejusdem generis* does not justify a construction which excludes them.

We are not unmindful that a taxing statute must be construed most favorably to the taxpayer, and that any doubt should be resolved against the taxing authority. Nevertheless, if it be assumed that the language of the original enactment did not leave the intention of the legislature with respect to the inclusion of motor carriers free from doubt, other considerations must be weighed. As has been stated, the commission has applied the construction of the statute, which plaintiff now challenges, to all motor carriers of freight or passengers for more than thirty-five years. The statute has been twice amended and has been

reenacted in four successive Codes adopted by the General Assembly, with no successful attempt to avoid the significant impact of the statute, as construed by the commission, on this important, aggressive and influential industry. Under these extreme facts, a strong presumption arises that the administrative construction has the approval of the legislature. 2 Am. Jur. (2d), Administrative Law, Section 253. On the whole case, we would not be justified in overturning the commission's long continued application of the statute to which the legislature has given at least implied assent.

Reversed.

Moss, Acting C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.