18990

SOUTHEASTERN FIRE INSURANCE COMPANY, Respondent, v.
SOUTH CAROLINA TAX COMMISSION, Appellant

(171 S. E. (2d) 355)

Messrs. *Daniel R. McLeod, Attorney General, and Joe L. Allen, Jr., and G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*George W. Hall, Esq.,* of Columbia, *for Respondent,*

December 1, 1969.

LITTLEJOHN, Justice.

The plaintiff Southeastern Fire Insurance Company, a South Carolina corporation, reinsured contracts of insurance issued by Emerald Fire and Casualty Insurance Company. The South Carolina Tax Commission levied a two per cent tax on the reinsurance premiums collected in 1960 by Southeastern because of Section 37-130.2 of the 1962 Code. The tax was paid under protest and this action was brought for the purpose of recovering the amount of taxes paid.

It is the contention of the Tax Commission that the reinsurance premiums collected by Southeastern for reinsuring Emerald's contracts of insurance constitute a part of Southeastern's total premium income as contemplated by Section 37-130.2 and are, accordingly, taxable.

The lower court ruled against this contention and held that the premiums paid Southeastern by Emerald were not taxable because the contract was one of indemnity and not one of insurance as contemplated by the statute. The Tax Commission has appealed.

The only question for determination by this court is whether reinsurance contracts come within the scope of Section 37-130.2. It reads in part as follows:

"In addition to any and all other license fees or taxes there is hereby levied upon each domestic fire insurance company * * * licensed by the Commissioner and incorporated under the laws of this State * * * an additional and graded license fee in an amount equal to two per cent of the total premiums, that is, total premium income or total premium receipts from insurance contracts issued to residents of this State or paid from a point located within this State * * *."

Section 37-3 of the code defines "insurance" as follows:

" *'Insurance'* is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies."

"Reinsurance" is not defined in the Code. There is certainly a difference between insurance and reinsurance. Reinsurance is defined in 44 Am. Jur. (2d) Insurance § 1857 (1969), as follows:

"Reinsurance, in the strict sense of the word, may be defined as a contract whereby one party, the reinsurer, agrees to indemnify another, the reinsured, either in whole or in part against loss or liability which the latter may sustain or incur under a separate and original contract of insurance with a third party, the original insured."

It is a generally accepted proposition that if a statute is clear and unambiguous there is no room for construction, and courts must give the terms of the statute their literal meaning. *Home Building & Loan Association v. City of Spartanburg,* 185 S. C. 313, 194 S. E. 139 (1937), cited with approval in *McCollum v. Snipes,* 213 S. C. 254, 49 S. E. (2d) 12 (1948). It follows that if the terms of a statute are susceptible of more than one interpretation, the courts must then construe them to determine the intent of the legislature.

It is also the law that "(a) tax statute is not to be extended beyond the clear import of its language, and any substantial doubt as to its meaning is to be resolved in favor of the taxpayer." *Coble Dairy Products Coop. Inc. v. Livingston,* 239 S. C. 401, 405, 123 S. E. (2d) 301, 303 (1961).

The taxing statute involved here taxes "total premiums * * * from *insurance* contracts. * * *" (Emphasis added). It is our task then to determine if the taxing statute refers to insurance contracts only, or if it refers to both insurance contracts and reinsurance contracts.

One of the purposes of reinsurance is to allow insurers to spread the risk. Such is highly desirable because it helps to

assure the stability of the insurer and accordingly increases the value of the coverage to individuals. The legislature, by failing to specify that the taxing statute applies to reinsurance as well as insurance, may have been attempting to encourage reinsurance.

There is no question but that the state has already received two per cent of the premiums which were paid by insured persons to Emerald.

We do not think it was the intent of the legislature that an insured person bear the brunt of more than one two per cent premium tax. Although the tax is not levied against the insured, it is inescapable that the cost of doing insurance business including the payment of taxes levied must be passed on to the consumer.

It is conceded that premiums received for reinsurance by a foreign corporation would not be subject to the tax. To hold that South Carolina corporations are subject to the tax when companies outside the state do not pay a similar tax would indicate that the legislature intended to discriminate against its own domestic corporations. We are persuaded that this was not the legislature's intention and the ruling of the lower court is

Affirmed.

Moss, C. J., LEWIS and BUSSEY, JJ., and LOUIS ROSEN, Acting Associate Justice, concur.