## 19266

CAROLINA NATIONAL INSURANCE COMPANY, By its Successor, Carolina National Mortgage Investment Co., Inc., Respondent, v. The SOUTH CAROLINA TAX COMMISSION, Appellant. CAROLINA AMERICAN INSURANCE CO., Respondent, v. The SOUTH CAROLINA TAX COMMISSION, Appellant.

(182 S. E. (2d) 878)

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*Messrs. John Gregg McMaster,* of Columbia, and *G. L. B. Rivers, Jr.,* of Charleston, *for Appellant,*

August 3, 1971.

Moss, Chief Justice:

Carolina National Insurance Company, during 1959-1963, and Carolina American Insurance Company, during the year 1963, the respondents herein, reinsured a number of fire insurance contracts issued by American Mutual Fire Insur-

ance Company. The South Carolina Tax Commission, the appellant herein, levied a two percent tax on the reinsurance premiums collected by the respondents, pursuant to Section 37-130.2 of the 1962 Code. The respondents paid the tax so levied under protest and separately instituted an action in 1967, pursuant to Section 65-2662, *et seq.* of the Code, to recover the taxes so paid. The two actions, having the same issue involved, were consolidated and tried together.

While the two foregoing actions were pending, this Court decided the case of *Southeastern Fire Ins. Co. v. S. C. Tax Commission,* 253 S. C. 407, 171 S. E. (2d) 355, holding that premiums collected for reinsuring another insurer's contracts were not taxable under Section 37-130.2 of the Code.

The appellant's position at the time these actions were instituted was that the reinsurance premiums collected by the respondents were taxable under Section 37-130.2 of the Code. However, after our decision in the Southeastern case the appellant admitted that the respondents owed no tax under the above Code Section but took the position that the net income of the respondents was taxable under Section 65-222 of the Code and they were not exempt by reason of Section 65-226(2) of the Code. The pleadings were appropriately amended to raise this question.

These cases came on for hearing before the Honorable John Grimball, Resident Judge of the Fifth Circuit, on September 4, 1970, and thereafter he filed an order holding that the respondents were insurance companies within the purview of Section 65-226(2) of the Code and hence were not taxable as ordinary business corporations under Chapter 5 of Title 65. This appeal followed.

Simply stated, the question for decision is whether or not the respondents were precluded from being classified as insurance companies because they engaged solely in the business of issuing reinsurance contracts during the years in question.

It is provided in Section 65-226(2) of the Code that "Building and loan associations and cooperative banks without capital stock, organized and operated for mutual purposes and without profits, and insurance companies" are exempt from taxation under Chapter 5, Title 65 of the Code. If it should be determined that the respondents were insurance companies within the meaning of the quoted Code provision, we must answer the question posed by the appellant contrary to its contention.

During the years in question, American Mutual Fire Insurance Company issued numerous fire insurance policies, collected the premiums therefor, duly reported such premiums, and paid to the appellant a license fee of two percent on the premiums collected, or five percent of its net income, whichever was less, as required by Section 37-130.2 of the Code. The respondents provided reinsurance to American Mutual for a portion of the risks undertaken by it.

The respondents were organized as insurance companies under the laws of this State and under their charters were authorized to issue fire and casualty insurance policies and insure against any loss or damage not prohibited by law. The respondents were duly licensed to engage in the insurance business by the South Carolina Insurance Department, Section 37-101; they file annual statements with the Department, Section 37-293; they are audited every three years by examiners of the Department, Section 37-281; they had on file with the Department the sums required by statute, Section 37-181; they maintain required reserves, Section 37-188 and their investments were regulated by the Department, Volume 17, Pages 330-334 of the Code.

Reinsurance is not defined in our Code, however, we find an appropriate definition thereof in the Southeastern case when we said:

"Reinsurance, in the strict sense of the word, may be defined as a contract whereby one party, the reinsurer, agrees to indemnify another, the reinsured, either in whole or

in part against loss or liability which the latter may sustain or incur under a separate and original contract of insurance with a third party, the original insured."

As our Southeastern case points out, there is a difference between insurance and reinsurance but such is not a basis for holding that the respondents are not insurance companies because they only are engaged in selling or providing reinsurance to American Mutual Fire Insurance Company. As a general rule, a corporation authorized in general terms to engage in the insurance business may issue policies of reinsurance, and hence no empowering or validating legislation is required before an insurance company may enter into a reinsurance contract as reinsurer or as reinsured. 44 Am. Jur. (2d) Insurance, Section 1858, Page 791, and *Sachs v. Ohio Nat. Life Ins. Co., 7* Cir., 116 F. (2d) 113.

Our statute, Section 37-2(4) defines an insurance company as follows:

" 'Company', 'companies', 'insurance company', 'insurance companies' or 'insurer' shall be deemed to include any corporation, fraternal organization, burial association, other association, partnership, society, order, individual or aggregation of individuals engaging or proposing or attempting to engage as principals in any kind of insurance or surety business, including the exchanging of reciprocal or interinsurance contracts between individuals, partnerships and corporations."

Section 37-3 of our Code says:

" 'Insurance' is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies."

What the term "reinsurance" actually connotes is well expressed in Appleman, Insurance Law and Practice, Vol. 13, Section 7681, page 433, where it is said:

"Reinsurance * * * means one thing only—the ceding by one insurance company to another of all or a portion of its risks for a stipulated portion of the premium, in which

the liability of the reinsurer is solely to the reinsured, which is the ceding company, and in which contract the ceding company retains all contact with the original insured, and handles all matters prior to and subsequent to loss. The true reinsurer is merely an insurance company or underwriter which deals only with other insurance companies as its policyholders."

It is our conclusion that the respondents are insurance companies within the intent and meaning of Section 65-226(2) which exempts insurance companies from taxation under Chapter 5 of Title 65. In our research we have found no statute in our State nor any decision from any court that requires a different conclusion. It would be illogical to hold that the respondents were not insurance companies and yet require them to conform to all of the statutory requirements imposed upon insurance companies.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.