## 19317

DEERING MILLIKEN, INC., Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(184 S. E. (2d) 711)

Lewis, J., filed a dissenting opinion in which Moss, C. J., concurred.

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr.* and *G. Lewis Argoe, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,* cite: *As to the dollars paid to the Respondent's capital stock being the total of all capital of the two merging corporations:*

· *Messrs. Carlisle Roberts,* and *W. Croft Jennings, Jr.,* of *Roberts, Jennings & Thomas,* Columbia, *for Respondent,* cite:

November 10, 1971.

BRAILSFORD, Justice:

The sole issue on this appeal is whether the total of dollars "paid to the capital stock" of Deering Milliken, Inc., which, under Section 65-606, Code of 1962, constitutes the base for computation of the annual license tax on the corporation, amounts to $13,750.000.00, as reported by the taxpayer, or $102,176,600.00, as determined by the South Carolina Tax Commission.* The controversy arose after merger of The Cotwool Manufacturing Corporation and Deering Miliken & Co., Inc., pursuant to which Cotwool, the surviving corporation, changed its name to Deering Milliken, Inc. The difference between the parties is that the smaller figure is the sum of the paid in capital of the merging corporations, whereas the larger includes retained earnings (and various other surplus accounts which need not be detailed) transferred to the capital account in order to balance new shares aggregating $102,176,600.00 in par value, issued to shareholders in accordance with a formula contained in the merger agreement.

The circuit court resolved the issue in favor of the taxpayer, refusing to hold that transfers of retained earnings from surplus accounts to the capital account of the corporation were equivalent to dollars "paid (in) to the capital stock" within the meaning of the statute. We are satisfied that this result is required by the settled rule that the language of a revenue statute must not be ex-

---

* In the original statute, the phrase in quotation marks read "paid *in* to the capital stock." (Italics added.) Sec. 4 of Act No. 269 of 1904. When the Section was amended in other respects a year later, the *in* was dropped by clerical error. Act No. 407 of 1905. It has never been replaced.

tended beyond its clear import, the taxpayer being entitled to favorable resolution of any substantial doubt arising therefrom. *Southeastern Fire Ins. Co. v. South Carolina Tax Commission,* 253 S. C. 407, 171 S. E. (2d) 355 (1969). The wisdom of thus restricting the base for computation of this tax is strictly for legislative determination. We have neither the authority nor inclination to interfere.

The rationale of the dissent appears to be that assets or funds equivalent to the increase in par value of the capital stock were transferred from retained earnings to the capital account, and that this transfer constituted funds "paid to the capital stock." But no such transfer of assets took place. The increase in the par value of capital stock and corresponding decrease in retained earnings were reflected by mere changes in book entries. The assets of the corporation remained exactly the same. Nothing was paid in; no assets were transferred.

We reach this result without the necessity of overruling *Pacolet Mfg. Co. v. Query,* 174 S. C. 359, 177 S. E. 653 (1934), and refrain from so doing. It resulted in the inclusion in the license tax base of the corporation of the value of capital stock issued to shareholders as a stock dividend. We decline to extend this decision to the factual situation presented here, which involves the issuance of capital stock pursuant to a corporate merger.

Affirmed.

BUSSEY and LITTLEJOHN, JJ., concur.

Moss, C. J., and LEWIS, J., dissent.

LEWIS, Justice (dissenting) :

The question at issue concerns the amount of tax liability of plaintiff-respondent, Deering Milliken, Inc., for the years 1961, 1962 and 1963, under Section 65-606 et seq., of the 1962 Code of Laws, which imposes upon every corporation "an annual license fee of one mill upon each dollar paid to the capital stock and paid in as surplus of said corporation as shown by the records of the corporation."

In 1960, Deering Milliken & Co., Inc., (a New York Corporation) was merged into Cotwool Manufacturing Company (a Delaware Corporation), with the surviving corporation changing its name to Deering Milliken, Inc., the plaintiff-respondent. Before merger, the combined capital stock of the original corporations had a par value of $13,-750,000. Upon merger, the stock of the original corporations was exchanged for stock in the merged corporation (respondent) of the par value of $102,176.600. The amount of the capital stock account, to support the issuance of the stock of respondent, was created by transfers to that account from capital and various surplus accounts of the merging corporations, including surplus arising from revaluation of corporate assets. The result was that respondent's capital stock account was formed from existing assets of the merging corporations and no additional funds were paid into the corporation by the shareholders for the issuance of the stock.

The question to be decided is whether the foregoing transfer of the various assets of the merging corporations to the capital stock of respondent constitutes funds "paid to the capital stock" of the latter, within the meaning of Section 65-606, *supra*. If it does, the lower court was in error and respondent is liable for the tax assessed. If it does not, the judgment of the lower court must be affirmed.

The contention of respondent, adopted by the lower court is that "only the funds which are *paid* to the corporation by the shareholder in exchange for stock are includable in the license tax base" and that "transfers made to the capital stock account from within the corporation" do not constitute funds "paid to capital stock." In other words, respondent's argument is, in effect, that the statutory phrase "paid to the capital stock" means "paid to the corporation by the shareholder for capital stock." There is nothing in the statute to justify such construction. Its meaning is unambiguous.

When the assets of the merging corporation were transferred to the capital stock account of respondent, pursuant

to the agreement of the shareholders, such constituted payment for the issuance of the stock as effectively as if the shareholders had paid for the stock directly. There is no requirement in the statute that the funds be paid to the corporation directly by the shareholder for the shares issued. The only requirement is that the funds be *paid to the capital stock*. Such is accomplished when the capital stock account lawfully receives the par value of the stock to be issued. The obligation of the shareholder to pay for the stock issued was paid and satisfied upon the transfer of the necessary funds to the capital stock account. The source of the funds is not made the criterion.

The question of whether the assets of the corporation have been increased by the transfer of assets to the capital stock account is not conclusive of whether funds have been "paid to the capital stock." The question here is simply whether the shareholder's liability to pay the par value of the stock issued has been paid to the capital stock account. It has been paid or the stock could not have been lawfully issued.

The parties have argued the effect of two prior decisions of this court on the present issue. These are: *Pacolet Mfg. Co. v. Query,* 174 S. C. 359, 177 S. E. 653 and *Gulf Oil Corp. v. S. C. Tax Commission,* 248 S. C. 267, 149 S. E. (2d) 642.

In Pacolet, upon the issuance of a stock dividend, the corporation transferred from its earned surplus to its capital stock account sufficient funds to equal the par value of the stock issued. The court held, in effect, that the transfer of the funds from the earned surplus to the capital stock account constituted funds "paid to the capital stock" of the corporation and should be included in the license tax base, within the meaning of the statute.

At the time of the Pacolet decision, the license tax statute included in the base only those funds "paid to the capital stock" of the corporation. The statute was subsequently

amended to include in the tax base not only the funds "paid to the capital stock" of the corporation but also funds "paid in as surplus". The Gulf Oil Corporation case was decided subsequent to the amendment of the statute.

In Gulf, the corporation, as in Pacolet, declared a stock dividend and transferred from earned surplus to the capital stock account an amount equal to the par value of the stock issued. Gulf did not contest the inclusion of the funds so transferred in determining the license tax. Such result was dictated, no doubt, by the prior decision in Pacolet.

However, Gulf also transferred funds from its earned surplus to an account designated as "other capital." The funds so transferred were an amount equal to the market value less the par value of the shares issued as a dividend. The South Carolina Tax Commission sought to tax the funds transferred to "other capital" upon the basis that they were "paid-in surplus" within the meaning of Section 65-606 and should be included in determining the license tax. The court rejected the contention of the Tax Commission and held that the transfer of "earned surplus" funds to an account designated "other capital" did not make the funds so transferred "paid-in surplus" within the meaning of Section 65-606. It was conceded that the "other capital" account was a surplus account. The basis of the decision was that the transfer "was a bookkeeping entry whereby retained earnings, not includable in the tax base, were transferred from one category of surplus to another."

The decisions in Pacolet and Gulf are considered at length because of the respective contentions of the parties as to what the cases hold and their applicability to the present situation. The holdings of the two cases are not inconsistent. They simply deal with two clearly different factual situations. Pacolet involved the transfer of "earned surplus" to the capital stock account as the basis for the issuance of a stock dividend, Gulf involved the transfer of "earned surplus" to another surplus account. In Pacolet. the funds be-

came a part of the capital stock account, upon the basis of which stock was issued. In Gulf, the transferred funds from "earned surplus" were never "paid-in surplus" as defined in the decision, never became a part of either capital stock or "paid-in surplus" and, therefore, could not have been included in the tax base.

The decision in Gulf clearly has no application in the determination of the present issue. Pacolet supports the present decision. Here, as in Pacolet, the assets transferred to the capital stock account formed the basis for the issuance of stock in the amount of the assets transferred and operated as the payment of the consideration of the shareholder for the stock issued.

The transfer of the assets in this case to the capital stock account constituted funds "paid to capital stock" within the meaning of Section 65-606 and were properly considered in determining respondent's tax liability.

I find no legal or factual basis for the treatment of the transfer of funds to the capital stock account as "mere changes in book entries." The agreed Statement admits that the capital stock account represented assets *"transferred to the capital stock account* from other accounts including the earned surplus accounts of the merging corporations." (Emphasis added). Only upon a bona fide transfer of such funds could the stock have been lawfully issued. There is, in my opinion, no sound basis for this court to permit, on the one hand, the transfer of funds to the capital stock account to constitute the consideration for the issuance of stock and, on the other, the same transfer to represent only *a mere book entry* for the purpose of taxation. That is the result of the majority opinion in this case.

I would reverse the decision of the lower court and remand the case for the purpose of entering judgment in favor of appellant.

Moss, C. J., concurs.