### 19714

PLANTATION PIPE LINE COMPANY, Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant. COLONIAL PIPE-LINE COMPANY, Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(200 S. E. (2d) 79)

*Messrs. Daniel R. McLeod, Atty. Gen., Joe I. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. vonLehe, Asst. Attys. Gen.,* of Columbia, *for Appellant,* cite:

*Thomas A. Evins, Esq.,* of *Butler, Means & Browne,* Spartanburg, *for Respondents,* cites:

October 31, 1973.

Lewis, Justice:

This appeal concerns two separate actions by the respective respondents pursuant to Section 65-2662 of the Code for the recovery of income taxes paid by them under protest for the years of 1967, 1968, and 1969. Such actions were consolidated for trial in the lower court and by agreement remain consolidated for the purpose of appeal.

The question to be decided is whether the respondents, pipeline corporations, are taxable as public service corporations under the provisions of Code Section 65-256, which imposes an income tax on "every corporation engaged in the business of operating a steam or electric railroad, navigation company, waterworks company, light or gas company, power company, express service, telephone, or telegraph business, sleeping car company, or other form of public service."

Respondents are interstate common carriers of petroleum products, operating pipelines through the State of South Carolina. Pipeline corporations, such as respondents, are not specifically named in Section 65-256 and, if such businesses are taxable under the statute, it must be by virtue of inclusion within the phrase "or other form of public service." We have had occasion to construe these words in two prior cases. *Cooper River Bridge v. S. C. Tax Commission,* 182 S. C. 72, 188 S. E. 508; *Ryder Truck Lines v. S. C. Tax Commission,* 248 S. C. 148, 149 S. E. (2d) 435.

In the foregoing cases, we held that, in construing the present statute, the doctrine of *ejusdem generis* was applicable and required that the words *other form of public service* "be construed to relate to and embrace only such corporations as are of a similar nature or perform services of a similar kind to the companies expressly enumerated in the statute." *Cooper River Bridge, supra.*

We pointed out in Ryder that "all of the specifically listed businesses (in Section 65-256) are engaged in public service as transporting or transmitting corporations." Respondents, as pipeline corporations engaged in the public service of transporting petroleum products, are clearly engaged in similar public services to those performed by the enumerated corporations. No sound reason appears to justify a construction of the statute which would exclude pipeline corporations from its application; and appellant's assessment of income taxes against respondents under Section 65-256 was proper.

Since 1942, in the case of Plantation, and 1962, in the case of Colonial, all income tax returns to the State have been made by them under Code Sections 65-222.1 and 65-222.2( applicable to corporations generally), and not under Section 65-256. Assessments were not made by appellant against respondents under Section 65-256 until 1971, when an audit was made of the returns for 1967, 1968, and 1969. The additional assessments for these years are involved in this litigation. Respondents argue that this "long continued application of the statute" by appellant, in effect, amounted to an administrative interpretation that they were not taxable under Section 65-256; and that such should not be disturbed by the court.

On May 24, 1962, appellant issued a ruling "that a pipeline company is a public service corporation and should file its income tax under Section 65-256." This was followed, on July 10, 1962, by a letter addressed to one of the respondents (Plantation) that it would be required to file its income tax return for the year 1962 "and thereafter, under the provisions of Section 65-256, South Carolina Code of 1952, as amended."

We do not agree that the mere failure of appellant to audit the returns of respondents until 1971 amounted to an interpretation that respondents were not ta-

able under Section 65-256. Appellant simply failed to take any action to require respondents to pay income taxes under the applicable statute. Mere nonaction on the part of appellant will not be treated as an administrative construction that respondents were not liable for income taxes under the terms of Section 65-256 (*Carolina, C & O Railway of S. C. v. S. C. Tax Commission,* 197 S. C. 529, 15 S. E. (2d) 764; 2 Am. Jur. (2d), Administrative Law, Section 246) ; especially where, as in this case, the only action taken by appellant was in the issuance of a ruling in 1962, prior to the years for which the taxes in question were assessed, that a pipeline company is a public service corporation and taxable under the statute.

The judgment of the lower court is accordingly reversed and the cause remanded to the lower court for judgment in favor of appellant.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.