22701

DUKE. POWER COMPANY, Respondent v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(354 S. E. (2d) 902)

Supreme Court

*T. Travis Medlock, Atty. Gen., Joe L. Allen, Jr., Chief Deputy Atty. Gen., Ronald W. Urban, Asst. Atty. Gen.,* Columbia, *for appellant.*

*William E. Booth, III,* Columbia, *for respondent.*

Heard Oct. 20, 1986.

Decided April 13, 1987.

LITTLEJOHN, Acting Associate Justice:

Respondent Duke Power Company (Duke) brought an action under S. C. Code Ann. § 12-47-440 (1976) for the recovery of corporate license fee taxes paid under protest. The circuit court ordered appellant South Carolina Tax Commission (Commission) to refund $1,143,863 to Duke plus interest and costs. The Commission alleges error. We reverse.

In 1981 Duke sold a portion of an unfinished nuclear power plant known as the Catawba Nuclear Station. The

gross receipts attributable to the sale of real property and improvements situated in South Carolina were $295,205,499.

On its 1982 corporate license fee tax return, Duke reported its gross receipts from customer charges for the furnishing of electrical power. Duke did not include the proceeds from the sale of the nuclear station in its tax base for purposes of computing its 1982 corporate license tax liability under S. C. Code Ann. § 12-19-110 (1976). The Commission audited Duke and assessed it an additional license tax including interest of $1,143,863 based on the gross receipts from the sale of the nuclear station. Duke paid the additional assessment. Duke then requested a conference so the Commission could consider Duke's objections to the additional assessment. The Commission held the conference and issued its finding affirming the additional assessment.

On June 14, 1985, Duke filed an application under S. C. Code Ann. § 12-47-440 (1976) for refund of the additional assessment. On August 27, 1985, the Commission notified Duke that its application for refund had been denied in its entirety. Duke brought this action in the circuit court.

The circuit court held that S. C. Code Ann. § 12-19-110 (1976) limited the imposition of license fees to only receipts from customer charges. Accordingly, the court determined that the receipts from the sale of the nuclear facility should not be included in Duke's license tax base.

The Commission appeals submitting in its Brief three issues quoted as follows:

I. The Lower Court Erred In Limiting The Application Of § 12-19-110 Solely To Customer Charges And Thereby Precluding From Taxation The Receipts Derived From The Sale Of The Nuclear Facility.

II. Section 12-19-110, As Applied To The Respondent, Does Not Violate The Equal Protection Clauses Of The South Carolina And United States Constitutions.

III. The Lower Court Erred In Awarding Costs To The Respondent.

The second question is argued by the Commission by reason of Duke's additional sustaining ground. In light of the counterstatement submitted in Duke's Brief and in light of Duke's failure to argue numbers II and III, this Court

treats only question I set forth above.

Chapter 19 of Title 12 of the *Code of Laws of South Carolina*, 1976, imposes an annual license fee upon certain corporations that are organized under South Carolina law or that are qualified to do business in South Carolina. In the instant situation, § 12-19-110 levies the license fee that gives rise to the issue we must decide. The relevant portion of the applicable statute states:

> In addition to the license fee provided by § 12-19-100 and any and all other license taxes and fees or taxes of whatever kind, there is hereby levied an annual license fee of three mills upon the entire gross receipts from business within this State during the calendar year next preceding by every ... Power Company. ...

The above language clearly states that the license fee on power companies, such as Duke, is based on entire gross receipts and not just receipts from customer charges. Where a statute is clear and unambiguous, there is no room for construction and the terms of the statute must be given their literal meaning. *Southeastern Fire Ins. Co. v. South Carolina Tax Commission*, 253 S. C. 407, 171 S. E. (2d) 355 (1969) and *Green v. Zimmerman*, 269 S. C. 535, 238 S. E. (2d) 323 (1977).

The circuit court erred in constructing the statute so as to limit the imposition of the license fee tax to only receipts from customer charges in Duke's regulated business.

The fact that the statute was subsequently amended is of no comfort to Duke. The Commission correctly applied the law applicable at the time of sale.

We hold that the Commission is not required to refund payments made by Duke. The action is hereby dismissed.

Reversed.

NESS, C. J., and FINNEY, J., concur.

HARWELL, J., dissents.

CHANDLER, J., not participating.

HARWELL, Justice (dissenting):

I respectfully dissent and would affirm the order of the circuit court with one modification.

An electrical utility must pay an annual license fee of one mill on each dollar of the fair market value of its property. S. C. Code Ann. § 12-19-100 (1976). The utility also must pay a tax of three mills on "the entire gross receipts from business within this State." S. C. Code Ann. § 12-19-110 (1976). Under the majority's interpretation, Duke would have to pay a one mill license fee on the fair market value of the plant *and* a three mill license fee on the fair market value of the plant plus any profit made on the sale. The tax levied on the entire proceeds from the sale of a utility's asset under S. C. Code Ann. § 12-19-110 (1976) would be essentially the same tax imposed by S. C. Code Ann. § 12-19-100 (1976). This is especially true in the present case since the cost of the plant and its selling price were substantially the same. Since both statutes were enacted at the same time, it seems obvious that the Legislature did not intend to impose a license fee twice on the same subject matter.

It is possible for reasonable minds to differ as to the proper interpretation of the statute in question. When statutes imposing taxes are involved, the well-settled rule of construction is that the statute should be construed most favorably to the taxpayer, and any doubts should be resolved against the taxing authority. *Ryder Truck Lines, Inc. v. South Carolina Tax Commission*, 248 S. C. 148, 149 S. E. (2d) 435 (1966).

The circuit court's interpretation is reinforced in this case by the fact that one month after the Commission issued its finding stating that a portion of the proceeds received by Duke from the sale of the unfinished Catawba Nuclear Station was subject to the corporate license fee tax, the Legislature amended S. C. Code Ann. § 12-19-110 to read, in pertinent part, as follows:

> In addition to the license fee provided by § 12-19-100 and any and all other license taxes and fees or taxes of whatever kind, there is levied an annual license fee of three mills upon the gross receipts *derived from services rendered* from *regulated* business within this State ... (emphasis on added language).

The circuit court awarded Duke the refund it requested along with interest and costs. Costs can be imposed against the state, its officers, and agencies only to the extent per-

mitted by law. S. C. R. C. P. 54(d). Duke's action was brought pursuant to S. C. Code Ann. § 12-47-440 (1976). That section makes no provision for the recovery of costs. I would affirm the circuit court's award of the refund to Duke, but I would not allow Duke to recover costs.

I would affirm as modified.