22226

Jack ROGERS, Respondent, v. EFIRD'S EXTERMINATING CO., INC., Appellant.

(325 S. E. (2d) 541)

Supreme Court

*William Douglas Gray* of *Watkins, Vandiver, Kirven, Gable & Gray*, Anderson, *for appellant.*

*Harold P. Threlkeld* of *McIntosh, Threlkeld, Glenn & Sherard*, Anderson, *for respondent.*

Heard Jan. 9, 1985.

Decided Jan. 30, 1985.

CHANDLER, Justice:

Efird's Exterminating Co., Inc. (Efird) appeals from a jury verdict for damages allegedly caused by it to the residence of Respondent (Rogers).

We affirm.

The sole issue presented is whether or not the trial judge erred in his jury instruction on the accrual time of a cause of action under the "discovery rule." We hold he did not.

In April, 1970, Efird contracted to perform termite extermination of Roger's residence. In the process, support wall blocks underneath the front porch were removed but not replaced by Efird. Within the statutory six year period for commencing an action, Rogers noticed cracks in the joints between the house wall and porch slab. He testified, however, that what he observed appeared to be normal settlement and that it was not until 1979 that the damage was sufficient to call for an investigation of its cause. On June 29, 1981, he instituted this action, in answer to which Efird plead the Statute of Limitations in bar.

In its brief Efird concedes that failure to replace the blocks caused the front porch to separate from the residence, necessitating repairs and resulting in damages.

The parties agree that the "discovery rule" applies to determine when Roger's cause of action accrues. *Brown v. Sandwood Development Corporation*, 277 S. C. 581, 291 S. E. (2d) 375 (1982); *Campus Sweater v. M. B. Kahn*, 515 F. Supp. 64 (D. C. S. C. 1979). Efird's sole contention is that the trial judge erred in charging the jury that, under the rule, one must know not only that he has been injured but also "what or who proximately caused that injury." Efird argues that "causation" is not an element of the rule as adopted in S. C. Code Ann. § 15-3-535 (1976 & Supp. 1983).

When the jury charge is viewed as a whole, the language complained of was not erroneous. In the next sentence the trial judge charged "In other words, you have to be able to not only discern that an injury has resulted, but you have to

be able to discern that *someone else* proximately caused that injury." (Emphasis supplied.)

In *Snell v. Columbia Gun Exchange, Inc.*, 276 S. C. 301, 278 S. E. (2d) 333 (1981) we held:

> The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim *against another party* might exist. (Emphasis supplied.)

The language in the charge "you have to be able to discern that someone else proximately caused that injury" conveys the same meaning as the language in *Snell* "that some claim against another party might exist."

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.