23618

John DOE, Appellant v. R.D. and E.D., Respondents.

(417 S.E. (2d) 541)

Supreme Court

*Gregg Mayers,* of *Wise & Cole, P.A.,* Charleston, *for appellant.*

*Walter M. Bailey, Jr.,* Summerville, *for respondents.*

Heard Feb. 4, 1992.

Decided Apr. 6, 1992.

TOAL, Justice:

The sole question we address on appeal is whether summary judgment was proper in an action by appellant, the son, against respondent, his parents, for injury arising from alleged sexual abuse which took place over twenty years ago. We affirm the Circuit Court's granting of summary judgment to the parents.

## FACTS

The son alleged in his complaint that between the years 1958 and 1968, he was sexually abused by his father with his mother's knowledge. The son was between the ages of six and sixteen at the time of the alleged abuse. Thus, the son reached the age of majority in 1973. *See* S.C. Code Ann. Section 15-3-40(1) (Supp. 1991) (majority is twenty-one on actions accruing before March 14, 1988). The son has been aware for all these years that the father sexually abused him, however, it was not until he was diagnosed with Delayed Stress Syndrome in 1990 that he learned of the extent of his injuries. This action was filed shortly thereafter in January 1991.

## LAW/ANALYSIS

This is a case of first impression for this Court. In *DeRose v. Carswell,* 196 Cal. App. (3d) 1011, 242 Cal. Rptr. 368 (1987) (superseded by Cal. Civ. Proc. Code Section 340.1 (Deering 1990)). The California Court addressed claims very similar to the case at bar and the application of the statute of limitations to such claims. The plaintiff in *DeRose,* who was sexually abused, claimed "that her cause of action did not accrue until she experienced later emotional harm and recognized its con-

nection with the earlier assaults." *Id.* at 1090, 242 Cal. Rptr. at 371. The California Appellate Court rejected the plaintiff's argument. While the Court recognized that there are cases which may not accrue until the harm arises, assault is not one of those cases. *Id.* We agree.

Our own statute, S.C. Ann. Section 15-3-535 (Supp. 1991) (for actions arising or accruing prior to April 5, 1988), provides that actions for personal injury "shall be commenced within six years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."

> The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point.

*Snell v. Columbia Gun Exchange, Inc.,* 276 S.C. 301, 278 S.E. (2d) 333 (1981).

S.C. Code Ann. Section 15-3-40(1) (Supp. 1991) tolls the statute until the plaintiff reaches majority. (Majority is twenty-one on actions accruing before March 14, 1988). Here, the son reached majority under the statute in 1973. The statute, however, does not provide that it is tolled when the plaintiff action has accrued, yet the plaintiff does not realize the full extent of his injuries. *See Dillon County School District Number Two v. Lewis Sheet Metal Works, Inc.,* 286 S.C. 207, 332 S.E. (2d) 555 (Ct. App.), *cert. granted,* 287 S.C. 234, 337 S.E. (2d) 697 (1985), *cert. dismissed,* 288 S.C. 468, 343 S.E. (2d) 613 (1986). In the case at bar, the son does not claim a disability prevented him from timely filing suit nor does the son claim that he only recently discovered he was sexually abused by his father. Thus, under our present statute, he cannot maintain the action.

We are aware of the damage that sexual abuse can cause in the lives of the victims. We also recognize that the application of a statute of limitations can appear unjust. In Note, *Adult Survivors of Childhood Sexual Abuse and Statutes of Limitations: A Call for Legislative Action,* 26 Wake Forest L. Rev.

1245 (1991), the author details the rationale for statute of limitations and the application of such statutes in sexual abuse cases. A number of states have amended their statute of limitations to protect the sexually abused.[1] A few courts have allowed the plaintiff to avoid the statute of limitations because the plaintiff has successfully claimed a disability.[2] Several other states have applied the discovery rule by allowing the plaintiff to maintain an action where, as in the case at bar, the plaintiff discovered the causal connection between the injury and abuse within the statutory period.[3] While the result may be appealing, we are without authority to amend our statute.[4] An exception to the plain and unambiguous language of our statute of limitations must come from our legislature. *See Crown Cork and Seal Co. v. S.C. Tax Comm'n*, 302 S.C. 140, 394 S.E. (2d) 315 (1990); *see also Duke Power Co. v. S.C. Tax Comm'n*, 292 S.C. 64, 354 S.E. (2d) 902 (1987).

We affirm.

HARWELL, C.J., CHANDLER and FINNEY, JJ., and Acting Associate Justice GARDNER, concur.

---

[1] *See e.g.,* Alaska Stat. Section 09.10.140(b) (1990); Cal. Civ. Proc. Code Section 340.1 (Deering 1990); Conn. Gen. Stat. Ann. Section 52-577-d, *amended by* 1991 Conn. Legis. Serv. Section 91-240 (West); Iowa Code Ann. Section 614.8A (West 1991); Me. Rev. Stat. Ann. tit. 14, Section 752-C (West 1990); Minn. Stat. Ann. Section 541.073 (West 1991); Mont. Code Ann. Section 27-2-216 (1989); Vt. Stat. Ann. tit. 12, Section 522 (1990) and Vt. Stat. Ann. tit. 12, Section 560 (Supp. 1990); Va. Code Ann. Section 8.01-249(6) (Michie 1991); Wash. Rev. Code Ann. Section 4.16.340 (West Supp. 1991).

[2] *See e.g., Evans v. Eckelman,* 216 Cal. App. (3d) 1609, 265 Cal. Rptr. 605 (1990); *Meiers-Post v. Schafer,* 170 Mich. App. 174, 427 N.W. (2d) 606 (1988); *Jones v. Jones,* 242 N.J. Super. 195, 576 A. (2d) 316 (1990).

[3] *Petersen v. Bruen,* 106 Nev. 271, 792 P. (2d) 18 (1990); *Osland v. Osland,* 442 N.W. (2d) 907 (N.D. 1989); *Doe v. LaBrosse,* 588 A. (2d) 605 (R.I. 1991); *Hammer v. Hammer,* 142 Wis. (2d) 257, 418 N.W. (2d) 23 (Wis. App. 1987).

[4] We note at least three state legislatures amended the statute of limitations to accommodate adult survivors of sexual abuse in the wake of decision such as the one we issue today. *See DeRose v. Carswell,* 196 Cal. App. (3d) 1011, 242 Cal. Rptr. 368 (1987) (superseded by Cal. Civ. Proc. Code Section 340.1 (Deering 1990)); *see also E.W. and D.W. v. D.C.H.,* 231 Mont. 481, 754 P. (2d) 817 (1988) (superseded by Mont. Code Ann. Section 27-2-216 (1989)); *see also Tyson v. Tyson,* 107 Wash. (2d) 72, 727 P. (2d) 226 (1986) (superseded by Wash. Rev. Code Ann. Section 4.16.340 (West Supp. 1991).