489 S.E.2d 615

Betty B. TRUE, Petitioner,

v.

Edmund H. MONTEITH and Monteith and Monteith,
Respondents.   Attorneys at Law,

No. 24653.

Supreme Court of South Carolina.

Heard April 15, 1997.
Decided July 28, 1997.

James R. True, Aspen, for petitioner.

James W. Alford and Andrew E. Haselden, both of Barnes, Alford, Stork & Johnson, Columbia, for respondents.

BURNETT, Justice:

This Court granted a writ of certiorari to review the Court of Appeals' opinion in *True v. Monteith,* Op. No. 95–UP–269 (S.C. Ct.App. filed October 19, 1995) which affirmed the trial court's order granting summary judgment in favor of respondents based on the statute of limitations. We reverse.

## *FACTS*

In 1973, respondent Edmund H. Monteith (Monteith) represented petitioner and her brothers-in-law (the Trues) in executing a long-term commercial lease agreement with Joe Edens whereby the Trues leased property they owned to Edens. At the time of execution, petitioner read the lease and questioned the absence of a cost-of-living clause for future lease payments. Monteith indicated to petitioner that Edens would not agree to a cost-of-living clause.

Without disclosure to petitioner, Monteith also represented Edens in the lease transaction and had a business relationship with Edens. However, Monteith claims he told Durant True (Durant), petitioner's brother-in-law, of his dual representation. According to Monteith, Durant was the family spokesperson.

In May 1990, while petitioner was investigating the possibility of renegotiating the lease, petitioner discovered the business and attorney/client relationship between Monteith and Edens. Petitioner brought this legal malpractice action in February 1993, alleging Monteith's conflict of interest in the lease transaction was not disclosed to her and she was damaged by the lack of a cost-of-living clause in the lease agreement. The trial judge granted Monteith's motion for summary judgment on the ground this action was barred by the statute of limitations. The trial judge found the lack of a cost-of-living clause in the lease was petitioner's injury and, because she was aware of this injury at the time she executed the lease, she had notice of a potential claim in 1973. The Court of Appeals affirmed finding Monteith had disclosed his conflict of interest to Durant in 1973, and as petitioner's agent, notice to Durant served as notice to petitioner. *Id.*

## ISSUE

Did the Court of Appeals err in affirming the trial court's grant of summary judgment in favor of respondents on the ground petitioner's cause of action is barred by the statute of limitations?

## DISCUSSION

Petitioner contends the trial court and Court of Appeals erred in finding she had notice that a potential claim existed in 1973 because she was aware the lease did not contain a cost-of-living clause. We agree.

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Citizens and Southern National Bank of South Carolina v. Lanford*, 313 S.C. 540, 443 S.E.2d 549 (1994). In ruling on motions for summary judgment, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party. *Johnston v. Bowen*, 313 S.C. 61, 437 S.E.2d 45 (1993).

In a negligence action, the statute of limitations accrues at the time of the negligence or when the facts and circumstances would put a person of common knowledge on *notice* that there might be a claim against another party. *Kreutner v. David*, 320 S.C. 283, 465 S.E.2d 88 (1995) (emphasis added); S.C.Code Ann. §§ 15–3–530(5) & –535 (Supp.1996). Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct. *See Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645 (1996); S.C.Code Ann. § 15–3–535 (Supp.1996). The "exercise of reasonable diligence" means the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist. *Dean, supra.*

If we accept as true petitioner's allegations that Monteith did not disclose to her the conflict of interest and she was unaware of the dual representation, the fact that petition-

er knew of her injury (no cost-of-living clause) in 1973 would not necessarily provide notice to her that she may have a cause of action for legal malpractice. Contrary to respondents' contention, knowledge of injury alone does not, *a fortiori*, give rise to a suspicion of any impropriety by her attorney. Under § 15-3-535, the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another.

Although petitioner knew of the lack of the cost-of-living clause in the lease, this knowledge alone is insufficient to put petitioner on notice to investigate the possible malfeasance of her attorney. A client should not be expected to investigate an attorney's loyalty every time the attorney provides the client with counsel the client dislikes. Instead, absent other facts, the client should be able to rely on the attorney's advice and should be able to follow this advice without fear the attorney is not acting in the client's best interest.

■ Petitioner further contends the Court of Appeals erred in finding Monteith disclosed his representation of Edens to Durant, petitioner's brother-in-law, and because Durant was petitioner's agent, notice to Durant served as notice to petitioner. We agree.

Durant died in 1989, before petitioner alleges she discovered Monteith's dual representation. Petitioner denies being advised by anyone of the dual representation. According to petitioner, she believed Durant would have told the others involved in the transaction about Monteith's representation of Edens if Durant had known. Further, petitioner testified Charlie True, another brother-in-law, informed her prior to his death that he did not know that Monteith had represented Edens in the lease transaction. Petitioner's deposition reveals petitioner did not consider Durant to be her agent. Instead, according to petitioner's testimony, all the family members participated in the decision to lease the property. She claims Durant had "no power."

The Court of Appeals ignored petitioner's testimony and found Monteith's testimony on the agency and disclosure issues to be persuasive. However, because both the agency and the disclosure issues hinge on the credibility of Monteith

and petitioner, summary judgment was inappropriate. *See Hiers by Hiers v. Mullens,* 310 S.C. 63, 425 S.E.2d 57 (Ct.App. 1992) (matters of credibility should not be determined at the summary judgment stage).

**REVERSED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.