534 S.E.2d 672

**Amy Ferrell MORIARTY, Respondent,**

v.

**GARDEN SANCTUARY CHURCH OF GOD, Petitioner.**

No. 25156.

Supreme Court of South Carolina.

Heard May 9, 2000.
Decided June 26, 2000.

322

David B. Betts of Columbia and Frank A. Hirsch, Jr. of Charlotte, N.C., for petitioner.

Gregg E. Meyers of Charleston for respondent.

WALLER, Justice:

This case presents the novel issues of whether a cause of action based on repressed memory syndrome is viable in South Carolina, and whether an adult who alleges she repressed memories of childhood sexual abuse may bring a timely cause of action under the "discovery rule" contained in S.C.Code Ann. § 15–3–535 (Supp.1999) after recovering the memories.

Amy Ferrell Moriarty sued Garden Sanctuary Church of God (the Church) to recover damages for sexual abuse she allegedly suffered as a young child at a day care center operated by the . Church. The circuit court granted the Church's motion for summary judgment, ruling the action was time-barred pursuant to S.C.Code Ann. § 15–3–40 (1976) and *Doe v. R.D.*, 308 S.C. 139, 417 S.E.2d 541 (1992). The Court of Appeals reversed. *Moriarty v. Garden Sanctuary Church of God*, 334 S.C. 150, 511 S.E.2d 699 (Ct.App.1999). We granted the Church's petition for a writ of certiorari to review that decision and now affirm.

## FACTS

We will briefly outline the facts, which are set forth more fully in the Court of Appeals' opinion. Moriarty was born August 26, 1971. She attended the Church's Kiddie Kollege Day Care Center from August 1973, when she was two years old, until May 1976, when she was about 4½ years old. During that period, Moriarty became stubborn and unhappy. She experienced night terrors and grew apprehensive about attending day care. A pediatrician, who was unaware of anything unusual happening at the day care center, told Moriarty's mother not to worry about it.

Moriarty continued to have emotional problems and teachers told her mother that Moriarty did not work up to her potential. She received mental health counseling during her school years. In 1992, Moriarty sought mental health counsel-

ing again after she began obsessively counting numbers in her head. She became depressed, missed her nursing classes, slept excessively, and began taking Prozac.

After studying masturbation in her nursing classes, she became obsessed it was abnormal. Her studies and counseling apparently triggered her recovery of the repressed memories. She began to see pictures in her mind of a little girl's hand masturbating a male and in late November 1992, she recognized the hand as her own. Moriarty remembered wearing a particular yellow dress during an episode of abuse, and an old family film not viewed in years showed her wearing that dress. Moriarty recalled particular physical characteristics of the abuser: crooked teeth, bushy eyebrows, and frizzy hair. She visited each of the locations where she had attended day care and had a "strong reaction" to Kiddie Kollege. Upon review of a series of photographs, she had a "strong reaction" to a picture of one individual who had bushy eyebrows and frizzy hair. Moriarty recalled her abuser used a particular name to refer to his penis. She further remembered her abuser warning her that if she told about the abuse she would be "overtaken by the devil." Moriarty alleged the abuser removed her from supervised rest periods to perform the abusive acts.

The complaint that Moriarty, then twenty-six years old, filed in November 1995 alleged causes of action for negligent infliction of severe emotional distress, invasion of privacy, negligent supervision, and breach of warranty. Moriarty contended she had sued the Church within three years of recovering specific memories of the alleged abuse in late 1992 and 1993, and her lawsuit was timely under the discovery rule contained in S.C.Code Ann. § 15–3–535 (Supp.1999).[1]

The Church argued the action accrued, if at all, not later than May 1976. Therefore, Moriarty's action was time-barred because she failed to commence it within one year of her twenty-first birthday or not later than August 26, 1993. *See*

---

1. Section 15–3–535 provides:

 Except as to actions initiated under Section 15–3–545, all actions initiated under Section 15–3–530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action.

S.C.Code Ann. § 15-3-40 (1976).[2] The Church further argued the statute of limitations was not tolled under section 15-3-535.

The Court of Appeals rejected the Church's position and reversed the grant of summary judgment to the Church.

■■■ We affirm without extensive discussion the Court of Appeals' holding that repressed memories of sexual abuse can exist and a plaintiff may attempt to recover damages when those memories are triggered and remembered. The condition is known as dissociative amnesia. A cause of action based on such a theory is valid in South Carolina for the reasons set forth by the Court of Appeals. *Moriarty*, 334 S.C. at 156–62, 511 S.E.2d at 702–05.

We will address in more detail the Court of Appeals' holdings regarding the use of the discovery rule contained in S.C.Code Ann. § 15-3-535.

## ISSUES

1. Did the Court of Appeals err in holding that a plaintiff may assert the "discovery rule" contained in S.C.Code Ann. § 15-3-535 in a case involving repressed memory of sexual abuse?

2. Did the Court of Appeals err in holding that a repressed memory plaintiff must provide corroborating evidence of injury as a prerequisite to application of the discovery rule?

3. If corroborating evidence is a prerequisite to application of the discovery rule, did the Court of Appeals err by permitting circumstantial evidence to satisfy that prerequisite?

4. If corroborating evidence is a prerequisite to application of the discovery rule, may application of the rule and the existence of corroborating evidence remain questions of fact for the jury?

---

**2.** The reduction in the age of majority from twenty-one to eighteen took effect July 2, 1976, about two months after Moriarty stopped attending the Church's day care center. Act No. 695, 1976 Acts 1886. Therefore, her case would fall under the twenty-one-year provision.

## STANDARD OF REVIEW

A trial court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. Summary judgment is not appropriate when further inquiry into the facts of the case is desirable to clarify the application of the law. *Tupper v. Dorchester County*, 326 S.C. 318, 487 S.E.2d 187 (1997). Summary judgment should not be granted even when there is no dispute as to evidentiary facts if there is dispute as to the conclusion to be drawn from those facts. *Id.* In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Manning v. Quinn*, 294 S.C. 383, 365 S.E.2d 24 (1988). An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP. *Wells v. City of Lynchburg*, 331 S.C. 296, 501 S.E.2d 746 (Ct.App.1998).

■ We are free to decide questions of law—in this case whether South Carolina recognizes a certain cause of action and whether the discovery rule may apply when that cause of action is asserted—with no particular deference to the lower court. *See* S.C. Const. art. V, §§ 5 and 9; S.C.Code Ann. §§ 14-3-320 and -330 (1976 & Supp.1999); S.C.Code Ann. § 14-8-200 (Supp.1999) (granting Supreme Court and Court of Appeals the jurisdiction to correct errors of law in both law and equity actions); *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000).

## DISCUSSION

### 1. APPLICATION OF DISCOVERY RULE

■ The Church contends the Court of Appeals erred in holding that the "discovery rule *may* toll the statute of limitations during the period a victim psychologically repress-

es her memory of sexual abuse." *Moriarty*, 334 S.C. at 168, 511 S.E.2d at 709 (emphasis in original).[3] We disagree.

■ A plaintiff must bring a personal injury action within three years after the plaintiff knew or by the exercise of reasonable diligence should have known that she had a cause of action. S.C.Code Ann. § 15–3–530(5) and –535 (Supp.1999). "The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has

---

3. Cases addressing S.C.Code Ann. § 15–3–535 usually have not described that statute as "tolling" the statute of limitations. The cases typically state that the statute of limitations "begins to run" on the date the plaintiff either knew or should have known through the exercise of reasonable diligence that she had a cause of action. *See, e.g., Roe v. Doe*, 28 F.3d 404 (4th Cir.1994); *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615 (1997); *Wiggins v. Edwards*, 314 S.C. 126, 442 S.E.2d 169 (1994); *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E.2d 333 (1981); *Dorman v. Campbell*, 331 S.C. 179, 500 S.E.2d 786 (Ct.App. 1998); *Brown v. Pearson*, 326 S.C. 409, 483 S.E.2d 477 (Ct.App.1997); *see also Mills v. Killian*, 273 S.C. 66, 254 S.E.2d 556 (1979) (concluding "the accrual upon discovery rule represents the more equitable and rational view" in a case that arose prior to the enactment of section 15–3–535). Section 15–3–535 does not contain any express "tolling" provisions, unlike S.C.Code Ann. § 15–3–40, which we have described as a "tolling statute." *See Wiggins, supra* (using "begins to run" language when discussing section 15–3–535 and "tolling" language when discussing section 15–3–40).

Moriarty could have brought her lawsuit under two other statutes of limitation if she had done so in a timely manner: the six-year limit of S.C.Code Ann. § 15–3–530(5) that was in effect in 1976 and the age of majority statute contained in section 15–3–40. The time periods established in those statutes had expired by the time Moriarty brought her lawsuit in 1995; therefore, one could argue there was no statute of limitations to "toll," i.e., "to suspend or stop temporarily." *See Black's Law Dictionary* 1488 (1990). On the other hand, one could conclude, as the Court of Appeals apparently did, that the initial six-year limit or age of majority statute was tolled by Moriarty's repression of the memories.

Distinctions about whether another statute of limitations is "tolled" by section 15–3–535 or whether a cause of action accrues upon discovery, thus causing the limitations period to begin to run under section 15–3–535, appear largely academic. *Cf. Hearndon v. Graham*, 710 So.2d 87, 90–92 (Fla.Ct.App.1998). The ultimate question remains the same: May a plaintiff assert section 15–3–535 in a repressed memory case in order to maintain a timely cause of action? However, for consistency's sake, we adhere to our analysis in previous cases and avoid use of "tolling" language in discussing section 15–3–535.

been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed." *Wiggins v. Edwards,* 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994) (quoting *Snell v. Columbia Gun Exchange, Inc.,* 276 S.C. 301, 278 S.E.2d 333 (1981)).

 "The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of [the] wrongdoer." *Wiggins, supra.* However, under section 15–3–535, "the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." *True v. Monteith,* 327 S.C. 116, 118, 489 S.E.2d 615, 617 (1997).

Initially, we agree with the Church and the Court of Appeals that the circuit court's reliance on *Doe v. R.D.,* 308 S.C. 139, 417 S.E.2d 541 (1992) was misplaced. In *Doe,* the plaintiff was fully aware that he had been sexually abused by his father from age six to sixteen. He filed a lawsuit against his parents more than twenty years after the abuse ended and long past the age of majority. The plaintiff argued the discovery rule should apply or the majority statute of limitations should be tolled until he discovered the *extent* of his injuries through a diagnosis of delayed stress syndrome.

We rejected those arguments, concluding only the Legislature may create such an exception to the statutes of limitation. We noted, however, that the plaintiff had not alleged he only recently discovered he was sexually abused by his father, suggesting that might lead to different result. *Id.* at 141, 417 S.E.2d at 542.

We find *Doe* distinguishable because it was not a repressed memory case. Moriarty, unlike the plaintiff in *Doe,* did not realize she had been injured by sexual abuse until her studies and counseling allegedly caused her to recover the repressed memories. It is not necessary to create any exception to the statute of limitations in Moriarty's case. It is necessary only to apply the discovery rule's requirement of reasonable diligence, as this Court and others have done in various cases. *See, e.g., Hinson v. Owens–Illinois, Inc.,* 677 F.Supp. 406

(D.S.C.1987) (asbestos case); *True, supra* (legal malpractice action by client); *Rogers v. Efird's Exterminating Co.*, 284 S.C. 377, 325 S.E.2d 541 (1985) (action by homeowner against termite extermination company); *Brown v. Pearson*, 326 S.C. 409, 483 S.E.2d 477 (Ct.App.1997) (sexual harassment action by church members against pastor).

Similarly, we conclude the view expressed in *Roe v. Doe*, 28 F.3d 404 (4th Cir.1994) is neither dispositive nor at odds with application of the discovery rule in this case. In *Roe*, the plaintiff discovered her injury by gradually recovering memories of sexual abuse that she had repressed since the age of four or five. The Fourth Circuit Court of Appeals, applying the discovery rule in an objective fashion, concluded the plaintiff sufficiently had regained her memory to discover the injury no later than May 4, 1989. Thus the lawsuit she filed May 5, 1992, did not comply with the three-year limit contained in S.C.Code Ann. § 15–3–535.

*Roe* stands for the proposition that a repressed memory plaintiff—like plaintiffs seeking to use the discovery rule in other cases—must bring her action within the required period after the date a reasonable person would have regained sufficient memories to discover her injury. Unlike the plaintiff in *Roe*, Moriarty filed her complaint within three years after allegedly discovering her injury by remembering she had been abused at the Church's day care center.

Many states have applied the discovery rule by judicial decision or by statute in childhood abuse cases in which memories allegedly were repressed. *See Doe v. Roe*, 191 Ariz. 313, 955 P.2d 951, 960 (1998) (listing cases); *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164, 170 n. 9 (1997) (listing cases); *S.V. v. R.V.*, 933 S.W.2d 1, 20–22 (Tex.1996) (listing cases and statutes); *Moriarty*, 334 S.C. at 164–165, 511 S.E.2d at 707 (listing cases and statutes); Gregory G. Sarno, Annotation, *Emotional or Psychological "Blocking" or Repression as Tolling Running of Statute of Limitations*, 11 A.L.R.5th 588 (1993); Annotation, *Posttraumatic Syndrome as Tolling Running of Statute of Limitations*, 12 A.L.R.5th 546 (1993); Michael Krauss, *Fundamental Fairness in Child Sexual Abuse Cases*, 8 Stan.L. & Pol'y Rev., 205 (1997).[4]

---

**4.** The South Carolina Legislature has considered establishing a statute of limitations containing a discovery rule for civil actions stemming

The Church contends the discovery rule should not apply because repression is just another way of describing the normal process of forgetting, and cites courts that have refused to apply the rule in repressed memory cases. The Church relies on *Doe v. Maskell*, 342 Md. 684, 679 A.2d 1087 (1996), in which the Maryland Court of Appeals held that a court-created discovery rule did not apply in a repressed memory case involving high school students sexually abused by a school chaplain. The Maryland court explained that adversaries of the concept believe no empirical evidence of repression exists, the psychological community disagrees on the subject, and recovered memories can be manipulated by therapists. The court concluded that repressing a memory and forgetting it are indistinguishable scientifically and legally, and observed the legislature could address the matter if it wished. *Id.* at 1091–92.

In our view, equating a repressed memory to merely "forgetting" ignores advances in the understanding of the human mind. True, it is not a precise science and many matters cannot be determined, for example, with the certainty of an engineering problem or mathematical equation in a products liability lawsuit. But the same can be said about many cases involving a "battle of experts," which is why courts and legislatures have developed rules of evidence and principles regarding the admissibility of scientific and technical testimony. *See State v. Council*, 335 S.C. 1, 19–21, 515 S.E.2d 508, 517–18 (1999) (declining to adopt *Daubert*[5] analysis and explaining procedure trial judge must use under South Carolina Rules of Evidence in deciding whether to admit scientific evidence); Rules 702–705, SCRE; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d

---

from childhood sexual abuse. H.3927, 110th Leg., 1st Sess. (S.C.1993). The bill would have required a plaintiff to bring an action for sexual abuse or incest within ten years of becoming eighteen or "within four years from the time of discovery by the person of the injury and the causal relationship between the injury and the sexual abuse or incest, whichever occurs later." The bill would not have required any corroborating evidence. The bill passed the House, but died in the Senate Judiciary Committee.

**5.** *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

238 (1999) (holding that a federal trial judge's gatekeeping obligation under the Federal Rules of Evidence—to ensure that an expert witness' testimony rests on a reliable foundation and is relevant to the task at hand—applies not only to testimony based on scientific knowledge, but also to all expert testimony, including technical and other specialized knowledge).

The Church contends that applying the discovery rule would defeat the purpose of limitations statutes in this setting. Even a reasonable three- or four-year-old would recognize such conduct as a battery and so should have only until the age of majority plus one year to file an action, the Church argues. The Church cites *Lindabury v. Lindabury*, 552 So.2d 1117 (Fla.Ct.App.1989) (incestuous acts damaged child when they occurred and action filed long after reaching age of majority was time-barred) and *Tyson v. Tyson*, 107 Wash.2d 72, 727 P.2d 226 (1986) (sharply divided court rejected application of the discovery rule in a case of repressed memories of sexual abuse).

We reject the Church's argument, Instead, we find the views expressed by the dissenters in *Lindabury* and *Tyson*, who would have applied the discovery rule, more persuasive. The *Lindabury* dissenter explained that repression appeared in the literature by the late 1800s and, even though it is one of the many "gray areas" in the field of psychiatry, courts should not mechanically apply the statute of limitations in such cases. *Id.* at 1118–21. A more recent Florida Court of Appeals from another district criticized *Lindabury*, explaining that the majority of courts have applied the discovery rule in repressed memory cases. *Hearndon v. Graham*, 710 So.2d 87 (Fla.Ct. App.1998). The Washington legislature nullified *Tyson* by enacting a discovery rule in such cases, and the *Tyson* majority opinion has not been followed by most courts. *See* Wash. Rev.Code § 4.16.340 (1999).

Our Court of Appeals and the numerous commentators it cites explain that young children may sense something wrong has occurred when they are molested. But they are neither mentally nor emotionally prepared to deal with it and so may repress the memory for years. Although there is no clear consensus among the psychological, medical, or legal commu-

nities about repressed memory syndrome, we do not believe the law should expect a 4½–year–old child to recognize an "offensive touching," such that the child should always be bound by the majority statute of limitations.

We reject the Church's argument that the Court of Appeals established a discovery rule that will be applied in a subjective fashion. That court flatly stated that "[a]pplication of the discovery rule is an objective determination ... [and] [t]he focus is upon the date of discovery of the injury, not the date of discovery of the wrongdoer." *Moriarty*, 334 S.C. at 163, 511 S.E.2d at 706 (citing *Wiggins, supra*). The discovery rule will apply in Moriarty's case if she can prove to the jury that a person of common knowledge and experience would not have been put on notice that she had a claim against the Church until late 1992 and 1993. She will have to establish the fact of her repressed memories by expert testimony because the matter lies outside the expertise of the lay person. *Id.* at 171–73, 511 S.E.2d at 710–11.

The rule under the Court of Appeals' opinion is not whether Moriarty herself was on notice by a certain date (a subjective standard), but whether a reasonable person in her circumstances would have been on notice by a certain date (an objective standard). The statute begins to run on the date that the jury believed the repression ended and the resurfacing memories would have put a reasonable person on sufficient notice.

In sum, the discovery rule exists to avoid the harsh and unjust result of closing the courtroom doors to a plaintiff whose "blameless ignorance" resulted in a failure to pursue a cause of action within the limitations period. *See Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282, 1292 (1949). The limitations period is intended to run against those who are neglectful of their rights and who fail to exercise reasonable diligence in enforcing their rights. However, it is not the policy of the law to unjustly deprive an injured person of a remedy. *See Wiggins, supra; True, supra.*

An analogy offered by another court applying the discovery rule in a case similar to Moriarty's is enlightening:

The present case might profitably be compared with a hypothetical one. Suppose that the defendant threw acid in a plaintiff's face and blinded her. As a result of her blindness, which was caused by the defendant, the plaintiff has become disabled from making an identification, and no other evidence is available. Twenty-five years later, however, a new procedure restores the plaintiff's 20:20 eyesight. She identifies the defendant as her assailant from a photograph taken of the defendant on the day of the assault. To apply the statute of limitations against the plaintiff in such a case to defeat recovery would surely be intolerable, for to do so would permit the assailant to profit from his own wrong.

*Farris v. Compton,* 652 A.2d 49, 59 (D.C.1994).

Accordingly, we affirm the Court of Appeals and hold that a plaintiff may assert the discovery rule contained in S.C.Code Ann. § 15–3–535 in a case involving repressed memories of sexual abuse.

## 2. CORROBORATING EVIDENCE

 The Court of Appeals, recognizing the "horrific possibility of false accusations," held that a plaintiff must present independently verifiable, objective evidence that corroborates a repressed memory claim in order to assert the discovery rule contained in S.C.Code Ann. § 15–3–535. That court further held that expert testimony is required to prove both the abuse and the repressed memory. *Moriarty,* 334 S.C. at 168–73, 511 S.E.2d at 709–11. The Church urges the Court to embrace the requirement of corroborating evidence.

Courts that have not required corroborating evidence reason that a repressed memory case is no different than any other "swearing contest" or "battle of experts." A plaintiff in a repressed memory case will bear a substantial burden of proving a case at trial under the controversial theory, and it is not necessary for the court to impose a higher burden in applying the discovery rule or on the merits. *See McCollum v. D'Arcy,* 138 N.H. 285, 638 A.2d 797, 799 (N.H.1994) (rejecting requirement of corroborating evidence because it is not required in other discovery rule cases and legislature may impose it if it wishes); *Logerquist v. Danforth,* 188 Ariz. 16, 932 P.2d 281 (Ct.App.1996) (stating most courts in applying

discovery rule in repressed memory case have not required corroboration; plaintiff must still prove her case and application of discovery rule and whether abuse occurred are questions of fact for jury); *Phillips v. Johnson,* 231 Ill.App.3d 890, 174 Ill.Dec. 458, 599 N.E.2d 4, 7 (1992) (concluding trial court improperly considered the reliability of plaintiff's anticipated evidence in dismissing repressed memory complaint because plaintiff had offered no "verifiable" evidence; psychological evidence is generally admissible, assuming that relevancy and foundational requirements are met, and determination of credibility and weight are matters for jury).

We recognize that we never have required corroborating evidence in applying the discovery rule in any other setting. We also recognize that of at least twenty-four states adopting statutes since the late 1980s expressly allowing use of the discovery rule in actions by adult survivors of child abuse, only two have imposed any special requirements. *See* Cal.Civ. Proc.Code § 340.1 (Supp.2000) (requiring attorney to file "certificate of merit" that he has consulted with at least one licensed mental health practitioner who believes the claim has merit; certificate must be approved by court before a complaint may be served on defendant); Okla.Stat.Ann. tit. 12, § 95(6) (1999) (requiring plaintiff to present objective verifiable evidence, which should include both proof that victim had psychologically repressed memory of the facts upon which the claim was predicated and corroborating evidence that sexual abuse actually occurred); *see also S.V.,* 933 S.W.2d at 21–22 (suggesting that second generation of discovery rule statutes in child sexual abuse cases is likely to require corroborating evidence).

Nevertheless, we agree with the Court of Appeals that requiring corroborating evidence appropriately balances the plaintiffs interest in pursuing a valid claim and the defendant's interest in being able to defend a stale or false claim. The primary reasons other courts have imposed the requirement are the disagreement among the psychological and medical communities about the validity of repressed memory syndrome, the danger a plaintiff's memories could be faked or implanted during therapy, and the desire that a plaintiff not have the ability to control the running of the statute of limitations solely by allegations whose only support is con-

tained within the plaintiff's mind. *See Roe v. Doe*, 28 F.3d at 408–09 (suggesting that corroborative evidence of abuse and repressed memory should be required) (Hall, J., concurring); *Olsen v. Hooley*, 865 P.2d 1345, 1349–50 (Utah 1993) (requiring corroborating evidence because of concerns about the reliability of memory in general and revived memories in particular, and the difficulty of defending against claims of revived memories of sexual abuse long past); *S.V.*, 933 S.W.2d at 7–15 (discovery rule applies in repressed memory case only when claim is "inherently undiscoverable" and "objectively verifiable" through corroborating evidence; court assumed plaintiff's injury was inherently undiscoverable, but rejected application of discovery rule because she offered no corroborating evidence).

We find the reasoning of these courts persuasive. Accordingly, we affirm the Court of Appeals and hold that a plaintiff must present independently verifiable, objective evidence that corroborates a repressed memory claim in order to assert the discovery rule contained in S.C.Code Ann. § 15–3–535. We further hold that expert testimony is required to prove both the abuse and the repressed memory.

### 3. USE OF CIRCUMSTANTIAL EVIDENCE TO CORROBORATE CLAIM

The Court of Appeals held that the element of "objective verifiability" may be satisfied by corroborating evidence such as (1) an admission by the abuser; (2) a criminal conviction; (3) documented medical history of childhood sexual abuse; (4) contemporaneous records or written statements of the abuser, such as diaries or letters; (5) photographs or recordings of the abuse; (6) an objective eyewitness's account; (7) evidence the abuser had sexually abused others; or (8) proof of a chain of facts and circumstances having sufficient probative force to produce a reasonable and probable conclusion that sexual abuse occurred. *Moriarty*, 334 S.C. at 171, 511 S.E.2d at 710.

The Church urges the Court to strike the eighth category, arguing its inclusion effectively nullifies the requirement of corroborating evidence. We disagree.

"Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact." *State v. Needs,* 333 S.C. 134, 156 n. 13, 508 S.E.2d 857, 868 n. 13 (1998) (language drawn from jury instruction in criminal case). "The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence." *Id.*

This Court has not distinguished between the two types of evidence in numerous cases. *See, e.g., Tiller v. Nat'l Health Care Center of Sumter,* 334 S.C. 333, 341, 513 S.E.2d 843, 846 (1999) (proof that workers' compensation claimant sustained an injury may be established by circumstantial or direct evidence); *Holtzscheiter v. Thomson Newspapers, Inc.,* 332 S.C. 502, 513, 506 S.E.2d 497, 503 (1998) (directed verdict on liability in civil case is properly denied when there is any evidence, direct or circumstantial, justifying submission of issue to jury); *State v. Kelsey,* 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (in considering directed verdict motion in criminal case at trial and on appeal, evidence must be viewed in light most favorable to State, and court must find that the case was properly submitted to the jury when there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove defendant's guilt); *Waters v. South Carolina Land Resources Conservation Comm'n,* 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996) (fact that geologist relied on circumstantial rather than direct evidence in forming his conclusions goes to the weight of the evidence, and may be relied on by administrative agency and court to support a finding of fact); *Anders v. Anders,* 285 S.C. 512, 515, 331 S.E.2d 340, 342 (1985) (either circumstantial or direct evidence, or a combination of the two, may be sufficient to prove adultery as grounds for a divorce); *Mahaffey v. Ahl,* 264 S.C. 241, 247, 214 S.E.2d 119, 122 (1975) (it is axiomatic in this State that issues of negligence and proximate cause may be resolved by direct or circumstantial evidence); *First Union Nat'l Bank of South Carolina v. Soden,* 333 S.C. 554, 575, 511 S.E.2d 372, 383 (Ct.App.1998) (tort of civil conspiracy may be shown by circumstantial as well as direct evidence); *Bilton v. Best Western Royal Motor Lodge,* 282 S.C. 634, 642, 321 S.E.2d 63, 68

(Ct.App.1984) (circumstantial evidence and inferences drawn therefrom may be relied on to support a finding of fact of an administrative agency).[6]

 We find no reason to draw a distinction between the use of direct or circumstantial evidence in a repressed memory case. The other examples of corroborating evidence identified above may consist of direct or circumstantial evidence. The focus in this setting is not on whether the corroborating evidence is direct or circumstantial. The focus is on whether the evidence is "objectively verifiable," such that it corroborates the plaintiff's recovered memories. Accordingly, we affirm the Court of Appeals and hold that corroborating evidence may consist of the various examples, including proof of a chain of facts and circumstances having sufficient probative force to produce a reasonable and probable conclusion that sexual abuse occurred.

## 4. QUESTIONS OF FACT FOR JURY

 Given our holding that corroborating evidence is a prerequisite to application of the discovery rule in a repressed memory case, the final issue is whether application of the discovery rule and the existence of corroborating evidence may remain questions of fact for the jury. The answer is "yes."

Application of the discovery rule contained in S.C.Code Ann. § 15–3–535, as well as the determination of the date the statute began to run in a particular case, are questions of fact for the jury when the parties present conflicting evidence. *See Arant v. Kressler*, 327 S.C. 225, 229, 489 S.E.2d 206, 208 (1997) (when testimony conflicts regarding time of discovery of

---

**6.** In *Needs*, we also authorized continued use of a circumstantial evidence charge in criminal cases that states a jury may not convict a defendant "unless every circumstance relied upon by the State be proven beyond a reasonable doubt; and all of the circumstances so proven be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis." *Needs*, 333 S.C. at 156 n. 13, 508 S.E.2d at 868 n. 13. This charge indicates circumstantial evidence requires greater scrutiny than direct evidence in a criminal proceeding. Regardless, we conclude that circumstantial and direct evidence may be equally valid and convincing in this civil action.

a cause of action, it becomes an issue for the jury to decide); *Johnston v. Bowen,* 313 S.C. 61, 64, 437 S.E.2d 45, 47 (1993) (whether a claimant knew or should have known that they had a cause of action is question for the jury); *Santee Portland Cement Co. v. Daniel Int'l Corp.,* 299 S.C. 269, 274, 384 S.E.2d 693, 696 (1989) (application of discovery rule to a claim is a question of fact for jury), *overruled on other grounds by Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.,* 319 S.C. 556, 462 S.E.2d 858 (1995); *Brown v. Finger,* 240 S.C. 102, 113, 124 S.E.2d 781, 786 (1962) (when testimony is conflicting upon the statute of limitations, it becomes an issue for jury to decide); *Maher v. Tietex Corp.,* 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct.App.1998) (in determining whether statute of limitations begins to run under discovery rule, jury must resolve conflicting evidence as to whether a claimant knew or should have known he had a cause of action).

In this case, following the Church's motion for a judgment as a matter of law based on the statute of limitations, Moriarty must demonstrate the existence of a genuine issue of material fact regarding the application of the discovery rule. She also must present corroborating evidence supporting her claim of alleged abuse. The court must consider the evidence and all inferences that may be drawn from it in the light most favorable to Moriarty, the non-moving party. *See* Rule 56, SCRCP; *Manning v. Quinn,* 294 S.C. 383, 365 S.E.2d 24 (1988).

If the motion is denied, Moriarty still bears the burden of proving at trial that she repressed memories of the abuse and that corroborating evidence supports her claim. If the jury finds for the plaintiff on those issues, the jury must determine when the plaintiff recalled the abuse, such that a person of common knowledge and experience would be on notice that some right of hers has been invaded or that some claim against another party might exist. It is on that date the statute of limitations begins to run. *See Moriarty,* 334 S.C. at 169, 511 S.E.2d at 709 (citing *Olsen,* 865 P.2d at 1349–50). Application of the discovery rule at summary judgment and at trial is an objective determination. *Arant,* 327 S.C. at 229, 489 S.E.2d at 208; *Kreutner v. David,* 320 S.C. 283, 285, 465

S.E.2d 88, 90 (1995); *Wiggins v. Edwards,* 314 S.C. 126, 128–29, 442 S.E.2d 169, 170 (1994).

### *CONCLUSION*

We hold that a plaintiff may bring a cause of action based on repressed memory syndrome to recover damages for sexual abuse she allegedly suffered as a child. A repressed memory plaintiff may assert the discovery rule contained in S.C.Code Ann. § 15–3–535 (Supp.1999). However, the plaintiff must present—both at the summary judgment stage and at trial—objectively verifiable evidence to corroborate a repressed memory claim in order to use the discovery rule. Such corroborating evidence may consist of direct or circumstantial evidence. The plaintiff must use expert testimony to establish the abuse and the fact of the repressed memories. The application of the discovery rule, as well as the existence of corroborating evidence, are questions of fact for the jury to determine when the parties present conflicting evidence.

We express no opinion on the merits of Moriarty's claim or on the validity of repressed memory syndrome as it may apply in her case. We reverse the grant of summary judgment to Church and remand this case for further proceedings consistent with this opinion.

AFFIRMED.

TOAL, C.J., BURNETT, PLEICONES, JJ., and Acting Justice McKELLAR, concur.