THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ethel C. Hunt,       
Appellant,
 
 
 

v.

 
 
 
Richard H. Warder, David D. Armstrong, and W. Dennis Chamberlain,       
Respondents.
 
 
 

Appeal From Greenville County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-006
Submitted January 12, 2004  Filed January 
 14, 2004

AFFIRMED

 
 
 
Ethel C. Hunt, of Columbia, pro se.
James H. Cassidy, Jeffrey Falkner Wilkes, Samuel W. Outten 
 and Langdon Cheves, III, all of Greenville, for Respondents.
 
 
 

 PER CURIAM:  Affirmed 
 pursuant to South Carolina Rules of Appellate Practice, Rule 220, and the following 
 authorities: As to all issues: Rule 56(c), SCRCP (stating summary judgment 
 is appropriate where there is no genuine issue as to any material fact and 
 . . . the moving party is entitled to a judgment as a matter of law); Osborne 
 v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) (In determining whether 
 any triable issues of fact exist, the evidence and all reasonable inferences 
 therefrom must be viewed in the light most favorable to the non-moving party.).  

As to the circuit courts ruling in favor of 
 Richard Warder, David Armstrong, and Dennis Chamberlain on the statute of limitations 
 defense:  True v. Monteith, 327 S.C. 116, 119, 489 S.E.2d 615, 616 
 (1997) (Under the discovery rule, the statute of limitations begins to run 
 from the date the injured party either knows or should know, by the exercise 
 of reasonable diligence, that a cause of action exists for the wrongful conduct.); 
 S.C. Code Ann. § 15-3-530 (Supp. 2002) (stating all actions initiated under 
 section 15-3-530(5) must be commenced within three years after the person knew, 
 or by the exercise of reasonable diligence should have known, that a cause of 
 action existed).
 As to the circuit courts ruling in 
 favor of Warder on the res judicata defense:  Town of Sullivans 
 Island v. Felger, 318 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct. App. 1995) 
 (The doctrine [of res judicata] requires three essential elements:  
 (1) the judgment must be final, valid and on the merits; (2) the parties in 
 the subsequent action must be identical to those in the first; and (3) the second 
 action must involve matter properly included in the first action.). 
As to the circuit courts ruling in favor of 
 Armstrong and Chamberlain on the res judicata defense:  Id.; 
 Pye v. Aycock, 325 S.C. 426, 432, 480 S.E.2d 455, 458 (Ct. App. 1997) 
 (holding, in determining whether res judicata applies, the identity of 
 the parties in the first lawsuit also includes persons in privity with the named 
 parties); Richburg v. Baughman, 290 S.C. 431, 434, 351 S.E.2d 164, 166 
 (1986) (Privity as used in the context of res judicata . . . does 
 not embrace relationships between persons or entities, but rather it deals with 
 a persons relationship to the subject matter of the litigation.).  
AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concur.