**ABRASIVES–SOUTH, INC., Plaintiff,**

v.

**AWUKO ABRASIVES WANDMACHER GMBH & CO. KG, Wandmacher GmbH, and Marty Korte, Defendants.**

**No: 2:16–cv–768–RMG**

United States District Court,
D. South Carolina.

Signed August 17, 2016

John Hughes Cooper, John Townsend Cooper, John Hughes Cooper Law Office, Mt. Pleasant, SC, John B. Kern, John B. Kern International Law, Charleston, SC, for Plaintiff.

Neil S. Haldrup, Elmore and Wall, Morgan S. Templeton, Charleston, SC, for Defendants.

## ORDER

Richard M. Gergel, United States District Court Judge

This matter is before the Court on Defendants AWUKO Abrasives Wandmacher GmbH & Co KG and Wandmacher GmbH's Rule 12 motions to dismiss for running of the statute of limitations, abstain on grounds of international comity, and, in the alternative, to compel arbitration. (Dkt. No. 11). For reasons below, the Court construes the motion to dismiss as a motion for summary judgment and GRANTS the motion for summary judgment.

### Background

Plaintiff ASI is a North Charleston, South Carolina-based manufacturer, processer, and distributor of abrasive products (*e.g.*, sandpaper). Defendant AWUKO is a Germany-based abrasive products manufacturer. In 2008, Plaintiff began purchasing products from Defendant AWUKO, and in April 2011, Plaintiff and Defendant AWUKO entered into two agreements.

Defendant Marty Korte worked for Plaintiff as its national sales manager. In March 2012, Defendant Korte left Plaintiff's employ. At that time, Plaintiff's president, Jim Carter, confronted Defendant Korte regarding suspicions that he "had been providing information to other competitors and vendors." (Dkt. No. 15–1 at 1–2). Defendant Korte denied any wrongdoing.

In October 2012, Carter wrote a letter Defendant AWUKO's president regarding his suspicions that AWUKO had improperly paid Korte. (Dkt. No. 15–1 at 2). Defendant AWUKO's president subsequently denied any wrongdoing. The business relationship between Plaintiff and Defendant AWUKO deteriorated, and on October 29, 2012, Defendant AWUKO filed for declaratory negative relief in Göttingen District Court in Germany.

On November 14, 2012, AWUKO's president received a letter from Plaintiff's then-

counsel, which stated that "it is not disputed that, unknown to my client, your company paid my client's sales representative substantial sums of money to promote your product to the exclusion of other brands that my client carries. This resulted in an inferior product being marketed by my client, which resulted in lost business." (Dkt. No. 16–2 at 2). The letter also claims that Defendant AWUKO's actions were a violation of the South Carolina Unfair Trade Practices Act and resulted in damages that "far exceed the amount of $13,825.28" Defendant AWUKO sought in the action in Göttingen District Court. (*Id.*).

On January 25, 2013, Plaintiff's German counsel, sent a letter to AWUKO's German counsel stating that he had had the opportunity to "intensively discuss this matter with my co-counsel ... as well as our client." (Dkt. No. 16–13 at 2). The letter goes on to state that counsel "was quite surprised to learn that AWUKO explicitly admitted in writing [to] having made substantial payments to Marty Korte." (Dkt. No. 16–3 at 3).

On February 4, 2013, counsel for Plaintiff and Defendant AWUKO met in Germany to resolve the German lawsuit. At this meeting, Defendant AWUKO's counsel allegedly admitted that AWUKO "had had an ongoing business relationship with Mr. Korte, including paying him and receiving information." (Dkt. No. 15–2 at 2).

On February 1, 2016, Plaintiff filed this proceeding in the Charleston County Court of Common Pleas, and the case was removed to this Court on March 10, 2016. (Dkt. No. 1). Defendants subsequently filed this motion. (Dkt. No. 11).

## Legal Standard

Although Defendants moved to dismiss the case pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, they have presented and are relying on matters outside of the pleadings. Accordingly, the motion is treated as for one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "in determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324, 106 S.Ct. 2548. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

The applicable statutes of limitations for all of Plaintiff's claims against Defendants

AWUKO and Wandmacher are all three years. S.C. Code Ann. §§ 15–2–530(5) (interference with contractual relationships); 15–3–530(7) (claims of fraud); 39–5–150 (SCUPTA); 39–8–70 (misappropriation of trade secrets claims).

■ Under "the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615, 616 (1997). Under South Carolina law, the "exercise of reasonable diligence" requires that the injured party "act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist." *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645, 647 (1996). The date on which the discovery of a cause of action should have been made is an objective question, *Bayle v. S. Carolina Dep't of Transp.*, 344 S.C. 115, 542 S.E.2d 736, 740 (2001), and to the extent that there is no conflicting evidence regarding whether a claimant should have known that a cause of action existed, resolution of the question is appropriate at summary judgment. *See Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 534 S.E.2d 672, 681 (2000).

■ In March of 2012, Plaintiff had sufficient suspicions regarding Defendant Korte to confront him regarding alleged improper payments and transmissions of information to competitors. Similar suspicions were also present in October 2012, when Plaintiff levied accusations of improper payments at Defendant AWUKO's president. In addition, the November 14, 2012 and January 25, 2013 letters from Plaintiff's counsel contain assertions that Plaintiff possessed actual knowledge of AWUKO's payments to Korte when those letters were drafted.

Plaintiff argues that it was not on notice of AWUKO's payments to Korte until the February 4, 2013 meeting in Germany. Although this meeting may be the first time Plaintiff received *oral* confirmation of the payments, the uncontroverted facts demonstrate that it was suspicious of the payments as early as April 2012 and that its attorneys were calling the payments "uncontroverted fact" by November 2012. Viewing this information in the aggregate, the Court finds that a reasonable person of common knowledge and experience would have been on notice that claims might exist against AWUKO by January 25, 2013 at the absolute latest. Accordingly, the three-year statutes of limitations on the claims against Defendants AWUKO and Wandmacher had run by the time Plaintiff filed this action in the Court of Common Pleas on February 1, 2016.

Plaintiff next argues that even if the statute of limitations has run, Defendants' actions—that is, denying that AWUKO made payments to Korte—constitute material misrepresentations that warrant the application of equitable tolling. This argument is unpersuasive.

■ Equitable tolling effectively pauses the running of a statute of limitations. South Carolina courts have held that "equitable tolling should be used sparingly and only when the interests of justice compel its use." *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 687 S.E.2d 29, 33 (2009).

If this Court were to find that grounds for equitable tolling existed, the only two remedies would be to (1) toll the statute of limitations during the "reliance period" (*i.e.*, the period in which Plaintiff justifiably relied on Defendants' alleged misrepresentations), or (2) requiring the claim to be filed within a reasonable time after the reliance period. *See id.* Here, the Court

does not address whether the equitable tolling is appropriate because neither remedy would make the claims against Defendants AWUKO and Wandmacher.

Defendant AWUKO admitted that it made payments to Korte before February 1, 2013. (*See* Dkt. No. 16–3 at 3 (January 25, 2013 letter noting that Plaintiff's attorney was "quite surprised to learn that AWUKO explicitly admitted in writing [to] having made substantial payments to Marty Korte."); Dkt. No. 16–4 at 1 (January 29, 2013 email responding to the January 25, 2013 letter discussing payments to Korte)). If the three-year statute of limitations were tolled until Plaintiff had actual knowledge, it would have run no later than January 25, 2016. And without conclusively addressing the question of what constitutes a "reasonable time" after the alleged reliance period ended, the Court holds that it logically cannot exceed the three years provided for in the underlying statutes of limitations. Any other conclusion would render statutes of limitations meaningless. Therefore, even if equitable tolling were applied here, Plaintiff's claims against Defendants AWUKO and Wandmacher would still be untimely.

### Conclusion

For the abovementioned reasons, the Court GRANTS Defendants AWUKO Abrasives Wandmacher GmbH & Co KG and Wandmacher GmbH's motion to dismiss for running of the statute of limitations (Dkt. No. 11), which the Court construes as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The claims against Defendants Awuko Abrasives Wandmacher GmbH & Co KG and Wandmacher GmbH are dismissed with prejudice.

**AND IT IS SO ORDERED.**