0547

Ervin R. WAGNER, Sr., Appellant, v. Lana S. WAGNER and Leila Trotti Suber, Respondents.

(335 S. E. (2d) 246)

Court of Appeals

*Randall M. Chastain*, Columbia, *for appellant.*

*Eugene C. Griffith*, Newberry, *for respondents.*

Heard May 21, 1985.

Decided Sept. 9, 1985.

*Per Curiam:*

This is the latest episode in a series of bitter and protracted lawsuits arising from the marriage of Ervin Ross Wagner, Sr. and his former wife Lana T. S. Wagner. In this case, Mr. Wagner sued the wife and her mother for destroying his relationship with the two children of the marriage. The complaint states causes of action for (1) intentional infliction of emotional distress; (2) alienation of the children's affection; and (3) wrongful interference with the parent-child relationship. Mr. Wagner seeks $300,000 in actual and punitive damages. The circuit court granted Mrs. Wagner's motion for summary judgment. Mr. Wagner appeals. We affirm.

The Wagners were married in Taylors, South Carolina, on September 15, 1962. Two children were born of the marriage, a son, Ervin Ross, Jr., in 1964, and a daughter, Nina, in 1966. Unhappy differences arose between the Wagners, causing

them to separate in October 1976. In November 1976, the family court entered a *pendente lite* order awarding custody of the children to Mrs. Wagner with rights of visitation given to Mr. Wagner. That order was modified in April 1979 to limit Mr. Wagner's visitation rights. A decree of divorce was granted in April 1979, awarding custody of the children to Mrs. Wagner and leaving in effect Mr. Wagner's visitation rights. This action was commenced on October 6, 1981.

Mr. Wagner alleges that since October 1976, Mrs. Wagner and her mother have engaged in a continuing course of conduct intended to deprive him of his visitation rights and to alienate and destroy the affection of the children for him. The same underlying factual issues were previously adjudicated against him in a related family court action commenced after the institution of this suit. *See Wagner v. Wagner,* _____ S. C. _____, 329 S. E. (2d) 788 (Ct. App. 1985). In that suit, Mr. Wagner counterclaimed, alleging Mrs. Wagner had interfered with his visitation rights and engaged in a deliberate campaign to interfere with the relationship between him and the children. On July 16, 1982, the family court entered judgment dismissing Mr. Wagner's counterclaim. The family court specifically found as a fact that Mr. Wagner "is totally at fault in bringing about the gulf between him and his children." The court further found that "there is no believable evidence to show that [Mrs. Wagner] or anyone other than [Mr. Wagner] had anything to do with the estrangement of the children, [from] their father."

Based on the judgment of the family court, Mrs. Wagner and her mother moved for summary judgment in this action on the ground, *inter alia*, that Mr. Wagner was collaterally estopped from asserting they had destroyed his relationship with the children. The defense of collateral estoppel was not raised in their answer, but was first presented in connection with the motion for summary judgment.

## I.

The defense of preclusion by a former judgment is an affirmative defense which ordinarily must be specially pleaded. *Beatty v. National Surety Co.,* 132 S. C. 45, 128 S. E. 40 (1925); *Lindler v. Baker,* 280 S. C. 130, 311

S. E. (2d) 99 (Ct. App. 1984); *cf.*, Rule 8(c), S. C. R. Civ. P. In this case, Mrs. Wagner did not plead the defense in her answer, because the family court judgment had not been entered at that time. Mr. Wagner, therefore, argues the defense was not properly raised below and should not be considered by this Court.

We reject the argument. Since the family court judgment was not in existence when Mrs. Wagner was required to answer the complaint, her failure to plead collateral estoppel was understandable. Once the judgment of the family court had been rendered, she promptly raised the issue in her argument on the motion for summary judgment. Although the better practice would have been to amend the answer to raise the defense, in the circumstances of this case we hold collateral estoppel was timely raised. *See Overseas Motors, Inc. v. Import Motors Ltd.*, 375 F. Supp. 499 (E.D. Mich. 1974); *United Business Communications v. Racal-Milgo, Inc.*, 591 F. Supp. 1172 (D. Kan. 1984). *See also Bennett v. Commissioner of Internal Revenue*, 113 F. (2d) 837 (5th Cir. 1940) (*res judicata* properly raised for the first time on appeal where judgment became final after a hearing on the second suit); *Jenkins v. Fowler*, 247 N. C. 111, 100 S. E. (2d) 234 (1957) (defense of *res judicata* properly raised by motion for nonsuit although not pleaded in original answer).

Mr. Wagner also asserts the defense is not available to Mrs. Wagner's mother because she was not a party to the former adjudication. Our courts have discarded the traditional requirement of mutuality in applying the doctrine of collateral estoppel. *Graham v. State Farm Fire & Casualty Insurance Co.*, 277 S. C. 389, 287 S. E. (2d) 495 (1982); *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186 (Ct. App. 1984). A defendant may assert a plea of collateral estoppel against a plaintiff who was a party to the prior adjudication and had a full and fair opportunity to litigate the relevant issue in the former action. *Irby v. Richardson*, 278 S. C. 484, 298 S. E. (2d) 452 (1982).

## II.

Mr. Wagner contends summary judgment was not appropriate in this case because material facts are in

dispute. While the evidence is in sharp conflict on several points, we hold that Mr. Wagner is precluded by the judgment of the family court from relitigating the factual issues raised by his three causes of action.

An essential predicate for each cause of action is Mr. Wagner's allegation that his former wife and her mother deprived him of visitation and turned the children against him. These precise issues were previously adjudicated in the family court action. The family court found as a fact that Mr. Wagner is "totally at fault" in destroying his relationship with his children. We need not burden this opinion with a detailed recitation of his behavior towards them. Suffice it to say there was abundant evidence of cruel, selfish, irrational, and bizarre conduct towards both the son and the daughter which alienated their affection.

Mr. Wagner had a full and fair opportunity to litigate the factual issues in the family court action. Those issues were decided against him. He is, therefore, bound by the facts as previously adjudicated. Since, on the facts found by the family court, Mrs. Wagner and her mother were entitled to judgment on all causes of action as a matter of law, the granting of summary judgment was proper. Accordingly, the judgment of the circuit court is

Affirmed.