23924

Ola Mae JOHNSTON, Appellant v. William W. BOWEN, M.D., Respondent.

(437 S.E. (2d) 45)

Supreme Court

---

62

*W.N. Moore, Jr.*, Columbia, *for appellant.*

*Edwin P. Martin* and *Linda W. Rogers*, Columbia, *for respondent.*

Heard June 11, 1993.

Decided Aug. 23, 1993.

TOAL, Associate Justice:

This is a medical malpractice action which was dismissed on a summary judgment motion of the defendant based on the health care provider statute of limitations. We affirm.

## FACTS

Ms. Johnston injured her right knee on June 5, 1982 in a car accident. On September 2, 1982, Ms. Johnston was referred to Dr. Bowen. Although an arthrogram showed no evidence of any tear of the medical meniscus of her right knee, Dr. Bowen performed surgery on Ms. Johnston's knee on October 4, 1983. Ms. Johnston later injured her left knee. Dr. Bowen performed surgery on the left knee on November 30, 1984. Dr. Bowen testified by deposition for Ms. Johnston in her action against the other driver in her 1982 accident. In his deposition, Dr. Bowen explained why he felt surgery was necessary in light of the negative arthrogram. Ms. Johnston relied on this testimony to obtain a settlement from the at-fault driver.

Ms. Johnston stopped seeing Dr. Bowen in 1987 but continued to see other physicians for her persistent knee pain. Ms. Johnston was informed by her subsequent treating physicians that she suffered from degenerative arthritis. In the spring of 1987, Ms. Johnston sought advice of an attorney regarding a possible malpractice suit against Dr. Bowen. Her attorney informed her that she would need an expert witness to testify that the surgery was unnecessary. Ms. Johnston did nothing until the spring of 1990, when she returned to her attorney and asked him to contact her current physician, Dr. Kimbrough, regarding the possible malpractice of Dr. Bowen. In response to her attorney's request, Dr. Kimbrough informed Ms. Johnston that in his opinion, the surgeries performed by Dr. Bowen were unnecessary.

This action was brought on January 7, 1991. Dr. Bowen filed a motion for summary judgment based on the statute of limitations. The motion was denied; however, on a motion to reconsider, the trial court amended the order to provide that the motion for summary judgment was denied pending further discovery with leave to refile. Dr. Bowen subsequently renewed his motion for summary judgment, which was granted. Ms. Johnston appeals.

## LAW/ANALYSIS

First, Ms. Johnston argues the trial court erred in amending the first order denying a motion for summary judgment in response to Bowen's motion to reconsider. The trial court interlocutory orders are amendable.

*PPG Industries, Inc. v. Orangeburg Paint & Decorating Center, Inc.*, 297 S.C. 176, 375 S.E. (2d) 331 (Ct. App. 1988). We find no error.

Second, Ms. Johnston argues the trial court erred in granting Dr. Bowen's summary judgment motion based on the statute of limitations. The applicable statute of limitations provides:

> Any action to recover damages for injuries to the person arising out of any medical, surgical or dental treatment, omission or operation by any licensed health care provider as defined in Article 2 of Chapter 59 of Title 38 shall be commenced within three years from the date of the treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence.

S.C. Code § 15-3-545 (Supp. 1992).

The trial court found Ms. Johnston knew or should have known she had a claim no later than 1987.

Whether a claimant knew or should have known that they had a cause of action is question for the jury. *Santee Portland Cement Co. v. Daniel Intern. Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989). In ruling on motions for summary judgment, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party. A summary judgment is appropriate only if it is clear that no genuine issues of material fact exist. Rule 56, SCRCP.

Statute of limitations requiring actions to be commenced within a time period after a person knew or should have known that he had a cause of action means that the injured party must act with some promptness where facts and circumstances of the injury would put a person of common knowledge and experience on notice that some right of his had been invaded or that some claim against another party might exist. *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981). The statute of limitations begins to run from this point and not when advice of counsel is sought or full-blown theory of recovery is developed. *Id.* The date if discovery is not when the plaintiff discovers a witness

to support or prove his case. *Buxton v. Perry*, 32 Wash. App. 211, 646 P. (2d) 779, *rev. denied*, 97 Wash. (2d) 1040 (1982). The facts taken in the light most favorable to Ms. Johnston leave only one reasonable inference; Ms. Johnston knew or should have known that this claim existed no later than in 1987 when she continued to have problems with her knees and sought legal advice regarding a claim against Dr. Bowen. *Accord Smith v. Smith*, 291 S.C. 420, 354 S.E. (2d) 36 (1987). This case is distinguishable from *Mauldin v. Dyna-Color/Jack Rabbit*, 308 S.C. 18, 416 S.E. (2d) 639 (1992) in that in *Mauldin*, the plaintiff did not suspect nor have reason to suspect a misdiagnosis until she was correctly diagnosed. Accordingly, the order of the trial court is AFFIRMED.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.