489 S.E.2d 206

**Trudy ARANT, Appellant,**

**v.**

**Carolyn KRESSLER, M.D., Christina Y. Parr, M.D., and Kressler & Parr, a Partnership, Respondents.**

**No. 24671.**

Supreme Court of South Carolina.

Heard June 3, 1997.

Decided Aug. 11, 1997.

226

James A. Merritt, Jr., and Deborah R.J. Shupe, both of Berry, Adams, Quackenbush & Dunbar, P.A., Columbia, for appellant.

Julius J. McKay, II, of McKay, McKay, Henry & Foster, P.A., Columbia, for respondents.

MOORE, Justice:

This is a medical malpractice case. Appellant contends the trial judge erred in refusing to allow her to amend her pleadings under Rule 15(b), SCRCP, on the ground the amended claim was time-barred. We affirm.

## FACTS

Appellant brought this action against respondents Drs. Kressler and Parr, partners in a gynecology/obstetrics practice, for infertility allegedly resulting from a negligently performed surgical procedure known as a dilation and curettage (D & C), a scraping of the uterine cavity. The facts adduced at trial were as follows.

Appellant gave birth on December 30, 1989, attended by Dr. Parr. The delivery was normal except the placenta was not spontaneously delivered and had to be removed manually. About two weeks after delivery, appellant called the doctors' office complaining of heavy vaginal bleeding. Normally vaginal bleeding stops within ten to twelve days of birth. Appellant was told to rest in bed. She continued to call the doctors' office with the same complaint. Finally, on January 19, she had an appointment with Dr. Kressler who prescribed an antibiotic and medication to contract the uterus.

On January 24, appellant again saw Dr. Kressler. Because appellant's uterus was somewhat enlarged and the bleeding had continued unabated by medication, Dr. Kressler recommended a D & C. Based on her review of Dr. Parr's records of the birth and appellant's symptoms, Dr. Kressler suspected remnants of the placenta had been left behind after delivery. The next day, January 25, Dr. Kressler performed a D & C.

On March 27, appellant was diagnosed with Asherman's syndrome, a known complication of a post-partum D & C, in which adhesions develop in the uterine cavity and the walls of

the uterus grow together. Expert testimony indicated appellant had at best a sixty percent chance of reversing her resulting infertility. The jury returned a verdict in favor of Drs. Parr and Kressler.

## DISCUSSION

During her case-in-chief, appellant called Dr. Parr as a witness and examined her about the delivery. Dr. Parr testified the standard of care at delivery requires manual exploration of the uterus to ensure there is no remaining matter after a manual delivery of the placenta. She testified she did not perform a manual exploration because appellant would not permit it. Dr. Parr further testified she did not warn appellant about the risk incurred by failing to manually explore the uterus. There was no objection to Dr. Parr's testimony.

Since appellant's complaint alleged only a cause of action for injuries arising from the D & C, she moved to conform her pleadings to the proof that Dr. Parr, by her own testimony, was negligent at the delivery in failing to explore the uterus after manual delivery of the placenta. Appellant argued the issue was tried by implied consent and, under Rule 15(b), SCRCP, the amendment should be allowed. The trial judge disallowed the amendment on the ground the claim against Dr. Parr was barred by the statute of limitations.

Rule 15(b) provides in pertinent part:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

Any amendment under this rule relates back to the original pleadings. The issue then becomes whether the amended claim was time-barred at the time the action was commenced on February 2, 1993. *See Scott v. McCain,* 272 S.C. 198, 250 S.E.2d 118 (1978) (a defective complaint cannot be amended to state a new or different cause of action after the statute of limitations has run). We conclude it was.[1]

---

1. Generally, the statute of limitations must be pled as an affirmative defense. Rule 8(c), SCRCP. A statute of limitations defense to a new

 Under S.C.Code Ann. § 15–3–545 (Supp.1996), an action for medical malpractice must be commenced within three years from the date the claim arose or the date of discovery or the date it reasonably ought to have been discovered. Under this section, the statute begins to run where facts and circumstances of the injury would put a person of common knowledge and experience on notice that some right of hers has been invaded or that some claim against a party might exist. *Johnston v. Bowen,* 313 S.C. 61, 437 S.E.2d 45 (1993). The date on which discovery should have been made is an objective, not subjective, question. *Kreutner v. David,* 320 S.C. 283, 465 S.E.2d 88 (1995). When there is conflicting testimony regarding the time of discovery, it becomes an issue for the jury to decide. *Brown v. Finger,* 240 S.C. 102, 124 S.E.2d 781 (1962).

 Here, there is no conflicting testimony. By appellant's own admission, Dr. Kressler told her on January 24, 1990, that the reason she was bleeding and needed a D & C was because Dr. Parr had not removed all of the placenta. This information was sufficient to put appellant on notice of a claim against Dr. Parr.

Appellant asserts the time of discovery is the time when the treating physician's actual negligence becomes known. To the contrary, in *Strong v. Univ. of South Carolina School of Medicine,* 316 S.C. 189, 447 S.E.2d 850 (1994), we rejected this same contention and held the plaintiff's injury was readily discoverable when she was told by another physician that her injury was caused by the treating physician's follow-up care. Similarly, in this case, appellant was informed by another physician on January 24 that her post-partum bleeding was caused by Dr. Parr's failure to deliver all of the placenta. This information was sufficient to put a person of common knowledge on notice that some claim against Dr. Parr might exist.

---

claim amended at trial, however, is properly raised at the time the amendment is sought. *See Wagner v. Wagner,* 286 S.C. 489, 335 S.E.2d 246 (Ct.App.1985) (affirmative defense of collateral estoppel timely raised for first time on motion for summary judgment where defense was not available at time action was commenced).

230

Because the claim against Dr. Parr arising from the delivery was time-barred at the time the action was commenced, the trial judge properly denied appellant's motion to amend her pleadings to allow such a claim.

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.