THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Waymon Hendrix, Employee, Appellant,
v.
J.D. Hollingsworth, Employer and Hartford Underwriters Ins. Co., Carrier,
Respondent.
 
 
 

Appeal from Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No.2005-UP-587
Submitted November 1, 2005  Filed November 17, 2005 

AFFIRMED

 
 
 
Andrew C. Barr, of Greenville, for Appellant.
Duke K. McCall, Jr., of Greenville, for Respondent.
 
 
 

PER CURIAM: In this workers compensation action, the single commissioner determined Waymon Hendrixs claim was barred by the applicable statute of limitations, S.C. Code Ann. Section 42-15-40 (Supp. 2004), and there was no evidence of estoppel or waiver on the part of Employer J. D. Hollingsworth (Hollingsworth).  An appellate panel of the Workers Compensation Commission (the Commission) adopted the single commissioners findings of fact.  The circuit court affirmed.  Hendrix appeals, arguing the discovery rule applies to his case, and consequently, his claim is within the statute of limitations.  Hendrix further contends the doctrine of estoppel bars Hollingsworth from asserting the statute of limitations.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:
1.  We find Hendrixs assignment of error in connection with the discovery rule was first raised to the circuit court and not the Commission.  Accordingly, it is not preserved for review by this court.  Wilder Corp. v. Wilkie, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); Rodney v. Michelin Tire Corp., 320 S.C. 515, 517, 466 S.E.2d 357, 358 (1996) (Arguments not raised to the workers
compensation commission or to the circuit court are not preserved for appeal.).  Nevertheless, assuming the applicability of the discovery rule, we find application of the rule would not alter the ultimate resultHendrix filed his claim outside the statute of limitations.  The record reveals Hendrix was diagnosed early on with the injury that gave rise to his claim.  On at least three separate occasionsin December 1999, January 2000, and February 2000Hendrix was diagnosed with a finding of positive impingement to his right shoulder.  Thus, the statute of limitations had run prior to the filing of the claim in May 2002.  Mauldin v. Dyna-Color/Jack Rabbit, 308 S.C. 18, 20, 416 S.E.2d 639, 640 (1992) (under the discovery rule, the statute of limitations begins to run from the date a claimant either knew or should have known of his compensable injury); Johnston v. Bowen, 313 S.C. 61, 64, 437 S.E.2d 45, 47 (1993) (injured party must act with some promptness where facts and circumstances of the injury would put a person of common knowledge and experience on notice that some right of his had been invaded or that some claim against another party might exist; statute of limitations begins to run from this point and not when advice of counsel is sought or full-blown theory of recovery is developed).  
2.  We find the substantial evidence supports the Commissions rejection of Hendrixs reliance on the principles of estoppel and waiver to defeat the statute of limitations.  An appellate court must affirm the findings of the Commission if they are supported by substantial evidence. 
Hargrove v. Titan Textile Co., 360 S.C. 276, 289, 599 S.E.2d 604, 610-11 (Ct. App. 2004); Grant v. Grant Textiles, 361 S.C. 188, 191, 603 S.E.2d 858, 859 (Ct. App. 2004) (A reviewing court will not overturn a decision by the Workers Compensation Commission unless the determination is unsupported by substantial evidence or is affected by an error of law.).  In regards to his injury, Hendrix testified he believed he was being taken care of by Hollingsworth because he was sent to the company doctor, and all of his medical bills and mileage costs associated with his injury were paid for by Hollingsworth.  Additionally, Hendrix testified he was never informed by anyone at Hollingsworth that he needed to file anything, and he was simply under the impression that [he] was under Workmans Comp.  There is no testimony in the record that any representative of Hollingsworth specifically told Hendrix that he would be taken care of.  See Hopkins v. Floyds Wholesale, 299 S.C. 127, 129, 382 S.E.2d 907, 908 (1989) (an employer may be estopped from asserting the statute of limitations as a bar to subsequently filed workers compensation suits if the employer induces the claimant to believe that the claim is compensable and will be taken care of without its being filed with the Workers Compensation Commission within the period limited); see also Poole v. E. I. Du Pont Nemours & Co., 227 S.C. 232, 87 S.E.2d 640, 641 (1955) (South Carolina adheres to the general principle that waiver or estoppel will arise from conduct on the part of the employer or carrier from which it may be reasonably inferred that the claimant was misled or deceived, whether intentionally or not, and thereby failed to file his claim within the statute of limitations). 
 AFFIRMED.

STILWELL, KITTREDGE and WILLIAMS, JJ., concur. 

[1]        Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.