**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Andrea Beth Campbell, Appellant,

v.

Ronnie A. Brockway, M.D., and Oconee OB/GYN Assoc., PA, Respondents.

Appellate Case No. 2011-195507

———————

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-579
Submitted October 1, 2012 – Filed October 24, 2012

———————

**AFFIRMED**

———————

Brian Scott McCoy, of McCoy Law Firm, LLC, of Rock Hill, and Mark T. Hurt, of The Law Offices of Mark T. Hurt, of Abingdon, VA, for Appellant.

Lawrence Mims Hunter, Jr., of Hunter & Foster, PA, of Greenville, for Respondent.

———————

**PER CURIAM:** Andrea Beth Campbell appeals the trial court's grant of the motion for summary judgment of Ronnie A. Brockway, M.D., and Oconee

OB/GYN Assoc., PA (Respondents), arguing the trial court erred in granting Respondents' motion for summary judgment after finding no genuine issues of material fact existed and they were entitled to judgment as a matter of law because the statute of limitations barred Campbell's malpractice claim.

We hold the trial court properly granted summary judgment to Respondents because the applicable statute of limitations barred Campbell's medical malpractice claim. *See Young v. S.C. Dep't of Corrs.*, 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999) ("Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); S.C. Code Ann. § 15-3-545(A) (2005) (providing the statute of limitations for medical malpractice claims); *Johnston v. Bowen*, 313 S.C. 61, 64, 437 S.E.2d 45, 47 (1993) ("Statute of limitations requiring actions to be commenced within a time period after a person knew or should have known that he had a cause of action means that the injured party must act with some promptness where facts and circumstances of the injury would put a person of common knowledge and experience on notice that some right of his had been invaded or that some claim against another party might exist."); *id.* ("The statute of limitations begins to run from this point and not when advice of counsel is sought or full-blown theory of recovery is developed."); *id.* at 64-65, 437 S.E.2d at 47 ("The date of discovery is not when the plaintiff discovers a witness to support or prove his case.").

Here, Campbell commenced her action against Brockway with a notice of intent to file suit on June 26, 2009. Consequently, for her action to be timely, the date of discovery of the injury or when it reasonably ought to have been discovered could not have been prior to June 26, 2006. Brockway performed a surgical procedure on Campbell on August 9, 2005, and Campbell stated he informed her that day he injured her but discounted the fact as "no big deal." However, the evidence indicates that not long thereafter, she started complaining of problems she believed were caused by the procedure. She complained to Brockway until February 27, 2006. After she stopped seeing Brockway, Campbell complained of those problems to other medical professionals and counselors until mid-June 2006. Therefore, the facts, taken in the light most favorable to Campbell, leave only one reasonable inference: Campbell's continuing complaints of various problems, which she indicated appeared after the procedure in which she suffered an injury, put her on notice prior to June 26, 2006 that she had a claim against Brockway stemming from the procedure. Accordingly, the trial court properly granted summary judgment to Respondents.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.