**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Marsha L. Temples, Appellant,

v.

Neil O. Plush, Respondent.

Appellate Case No. 2012-212686

---

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-191
Submitted April 1, 2014 – Filed May 7, 2014

---

**AFFIRMED**

---

John W. Carrigg, Jr., of Carrigg Law Firm, of Lexington,
for Appellant.

Sonja Renee Tate and Michael Nicholas Loebl, both of
Fulcher Hagler, LLP, of Augusta, GA, for Respondent.

---

**PER CURIAM:**  Marsha L. Temples appeals the trial court's order granting Neil
Plush's motion to dismiss.  We affirm pursuant to Rule 220(b), SCACR, and the
following authorities:

1.  As to whether Temples was entitled to restore the case to the docket:  S.C. Code Ann. § 15-3-530(5) (2005) (setting a three-year statute of limitations period for negligence actions); *Maxwell v. Genez*, 356 S.C. 617, 621, 591 S.E.2d 26, 28 (2003) ("A party can move to restore a case to the docket more than one year after the claim was stricken without running afoul of Rule 40(j)[, SCRCP]; the party simply cannot take advantage of the one year tolling period provided by the rule.").

2.  As to whether Plush was barred from raising the statute of limitations because he did not plead it as an affirmative defense in his answer:  *Wagner v. Wagner*, 286 S.C. 489, 492, 335 S.E.2d 246, 247-48 (Ct. App. 1985) (holding an affirmative defense was timely raised although it was not pled because the defense was not available at the time the answer was filed and it was promptly raised when it became available); *Arant v. Kressler*, 327 S.C. 225, 228 n.1, 489 S.E.2d 206, 208 n.1 (1997) (citing *Wagner* and holding a statute of limitations defense to a new claim amended at trial was "properly raised at the time the amendment [was] sought").

3.  As to whether Plush was estopped from asserting the statute of limitations based on promissory estoppel:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Williams v. Selective Ins. Co. of the Se.*, 315 S.C. 532, 534-35, 446 S.E.2d 402, 404 (1994) ("An insured must . . . preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured motorist benefits.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.