**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Claude McAlhany, Respondent,

v.

Kenneth A. Carter, Sr. d/b/a Carter & Son Pest Control, Carter & Son Pest Control, Inc. and Erick Cogburn, Petitioners.

Appellate Case No. 2016-000405

Appeal From Bamberg County
The Honorable Clifton Newman, Circuit Court Judge

Memorandum Opinion No. 2017-MO-007
Heard March 22, 2017 – Filed May 3, 2017

**AFFIRMED**

Trevor M. Hughey and James C. (Trey) Cox, III, both of Grier, Cox, & Cranshaw, LLC, of Columbia; and Richard B. Ness and Alison Dennis Hood, both of Ness & Jett, LLC, of Bamberg, for Petitioners.

William F. Barnes, III and R. Alexander Murdaugh, both of Peters, Murdaugh, Parker, Eltzroth & Detrick, PA, of Hampton, for Respondent.

**PER CURIAM:** The court of appeals' opinion, *McAlhany v. Carter*, 415 S.C. 54, 781 S.E.2d 105 (Ct. App. 2015), is affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 56(c), SCRCP (summary judgment may only be granted when "the pleadings [and] depositions . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"); *Lanham v. Blue Cross & Blue Shield of South Carolina, Inc.*, 349 S.C. 356, 361–62, 563 S.E.2d 331, 333 (2002) (when ruling on a motion for summary judgment, "the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party."); S.C. Code Ann. § 15-3-530(3), (5) (2005) (claims for damages caused to real property and for any personal injury must be brought within three years of the accrual of the cause of action); *Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 525–26, 787 S.E.2d 485, 489 (2016) ("Under the discovery rule, the limitations period commences when the facts and circumstances of an *injury* would put a person of common knowledge and experience on notice that some claim against another party might exist." (emphasis added)); *Wiggins v. Edwards*, 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994) ("[T]he focus is upon the date of discovery of the *injury*, not the date of discovery of the wrongdoer[.]" (emphasis added)); *Sims v. Amisub of South Carolina, Inc.*, 414 S.C. 109, 115, 777 S.E.2d 379, 382 (2015) ("[a] cause of action accrues at the moment when the plaintiff has a legal right to sue on it" (internal quotations omitted)); *Arant v. Kressler*, 327 S.C. 225, 229, 489 S.E.2d 206, 208 (1997) (noting when there is conflicting testimony regarding the time of discovery of a cause of action, whether the statute of limitations has run becomes a question of fact for the jury); *Brown v. Finger*, 240 S.C. 102, 113, 124 S.E.2d 781, 786 (1962) (holding even if a plaintiff's "testimony is somewhat vague as to dates and conflicting at times," the date of accrual of his claims is a jury question); *Hughey v. Ausborn*, 249 S.C. 470, 475, 154 S.E.2d 839, 841 (1967) (indicating a personal injury cause of action does not arise until the plaintiff has in fact suffered some injury to his person).[1]

---

[1] We specifically note the only issue before us is whether summary judgment was properly granted to Petitioners on the ground that the statute of limitations had expired on McAlhany's claims. The question of whether Carter owed a duty to McAlhany beyond the requirements of a CL-100 inspection is not properly preserved for our review and we express no opinion on that issue. However, the parties may, of course, raise and address this question to the trial court on remand.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**