**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth Box, Appellant,

v.

Sparrow Group, LLC and Bryan S. Jones, Respondents.

Appellate Case No. 2016-000464

———————

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-353
Submitted June 1, 2018 – Filed August 15, 2018

———————

**REVERSED AND REMANDED**

———————

Frederick Ivey Hall, III, of The Rick Hall Law Firm, LLC, of Lexington, for Appellant.

Eric Christopher Hale, of Clarkson & Hale, LLC, of Columbia, for Respondents.

———————

**PER CURIAM:** In July 2010, Elizabeth Box bought a home from Sparrow Group, LLC (Sparrow Group), through its agent Bryan Jones. Jones was the sole member of Sparrow Group, a business engaged in flipping houses. At the time of sale, Box was supplied with a "Residential Property Condition Disclosure Statement" (Disclosure) pursuant to The Residential Property Condition Disclosure Act, section

27-50-40 of the South Carolina Code (2007 & Supp. 2017).  The Disclosure asked, "Do you have knowledge of any problem (malfunction or defect) with any of the following . . . ?"   Jones checked the "Yes" box corresponding to the question about foundation issues.  The Disclosure further instructed, "If you answered 'yes' to any of the above questions, please use the following space for your explanation and attach any relevant professional reports."  In the space provided, Jones handwrote "Foundation/Slab stabilization by Ram Jack in November 2009."  No report was attached.  The instructions accompanying this part of the Disclosure explained,

> If you check "Yes" for any question, you must explain the problem or attach a descriptive report from an engineer, contractor, pest control operator or other expert or public agency.  If you attach a report, you will not be liable for any inaccurate or incomplete information contained in the report as long as you were not grossly negligent in obtaining or transmitting the information.

Before closing, Box obtained an independent inspection of the home.  The inspection recommended repairs to the home, but did not indicate any foundation issues. Sometime after Box moved in, she began to notice defects like cracking doorways, settling, separating sheet rock, and door jams that had been muddied and painted over.  In July 2012, Box contacted Ram Jack about these problems.  Ram Jack provided Box a report it had prepared for Jones and Sparrow Group of suggested repairs to the foundation.  The report reflected repairs accepted and declined by Jones in November 2009.

On July 8, 2015, Box filed a complaint against Sparrow Group and Jones for breach of contract accompanied by fraud, negligent misrepresentation, and violations of the South Carolina Unfair Trade Practices Act and the South Carolina Residential Property Condition Disclosure Act.  On August 13, 2015, Sparrow Group and Jones moved to dismiss alleging, inter alia, that Box was barred from recovery because the statute of limitations had run on her causes of action.

The circuit court converted the motion to dismiss into a summary judgment motion. At the hearing, Box argued she did not discover the damage to her property until she acquired the 2009 Ram Jack report in July 2012.  Box argued, "[A]s the seller and sole owner and member of Sparrow Group. . . [Jones] was required to make complete and accurate statements to would-be purchasers.  Further, [Jones was] liable for any incomplete and inaccurate statements that may have induced . . . Box to purchase

the home."  Box also argued she "had a right to rely on representations" by Jones and "Jones concealed, withheld or hid the truth from" her.

The circuit court granted summary judgment to Sparrow and Jones, finding Box filed the action after the statute of limitations had run.  Specifically, the circuit court found Box "knew or should have known there was a prior defect to the house's foundation when she reviewed the . . . Disclosure . . . in July 2010."  The circuit court held the statute of limitations began to run the day Box received the Disclosure, which she signed on July 8, 2010.

On appeal, Box argues, inter alia, that in granting summary judgment, the circuit court improperly weighed the evidence in finding Box failed to timely commence her action.  We agree.

No matter how Jones' statement "Foundation/Slab stabilization by Ram Jack in November 2009" is interpreted, at the very least, the Disclosure revealed past foundation issues.  However, viewing the facts in the light most favorable to Box, we find Box could reasonably have not discovered there was a cause of action arising from Respondents' alleged wrongful conduct until 2012.  *See Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996) ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered.").  We find Box's interpretation of Jones' statement in the Disclosure as representing the foundation issues had been remedied was reasonable.  Construing Jones' statement in the light most favorable to Box, Jones represented that the foundation issues had been resolved.  However, he did not inform Box that a significant portion of the repairs recommended by Ram Jack had not been performed.  Jones was the only party to the sale who had this information, and he chose not to attach the Ram Jack report to the Disclosure and not to tell Box the repairs were only half-done.  Jones therefore conveyed a half-truth to Box in a transaction that proved the proverb "the Buyer needs a hundred eyes, the Seller only one."  Box presented evidence that she obtained an independent home inspection that did not identify any foundation issues and that after she moved into the home, it began to settle, revealing defects like muddied, painted over baseboards.  We find this presented a genuine question of material fact as to when Box should have reasonably discovered her causes of action.  *See Bell v. Progressive Direct Ins. Co.*, 407 S.C. 565, 575, 757 S.E.2d 399, 404 (2014) ("Summary judgment should be granted when there are no genuine issues of material

fact and the moving party is entitled to judgment as a matter of law."); *Logan v. Cherokee Landscaping & Grading Co.*, 389 S.C. 611, 618, 698 S.E.2d 879, 883 (Ct. App. 2010) ("If there is conflicting evidence as to whether a claimant knew or should have known he or she had a cause of action, the question is one for the jury."); *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 362, 563 S.E.2d 331, 333 (2002) ("Summary judgment should not be granted even when there is no dispute as to evidentiary facts if there is disagreement concerning the conclusion to be drawn from those facts."); *Johnston v. Bowen*, 313 S.C. 61, 64, 437 S.E.2d 45, 47 (1993) ("Whether a claimant knew or should have known that they had a cause of action is question for the jury.").

We find the circuit court improperly weighed the evidence in finding Box knew or should have known she had a cause of action as of the date she received the Disclosure. *See S.C. Prop. & Cas. Guar. Ass'n v. Yensen*, 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct. App. 2001) ("At the summary judgment stage of litigation, the court does not weigh conflicting evidence with respect to a disputed material fact."). Because Box presented evidence she did not discover the home's foundation issues until July 2012, which would have made her lawsuit timely filed in July 2015, the circuit court erred in granting summary judgment.[1]

**REVERSED AND REMANDED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] Box's claims could still be untimely if the statute of limitations began to run at the time Box noticed separating sheetrock and settling. She received the report from Ram Jack on July 11, 2012; she filed this lawsuit on July 8, 2015. However, it is unclear from the record when Box started to notice the issues with her home; the record indicates only that she noticed the issues after she moved in, presenting another question for the jury.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.